Ruppix, Chief-Justice.
 

 Upon hearing this case, it seems impossible to doubt either upon the words of the will, or the circumstances stated, that it was the intention of the testator to dispose of the mill, and the two, acres of land, with the residue of the tract of which it originally formed a part, to the defendant. It is not like the cases cited, where the devise of land by a particular name, which was known by that name, was confined to the distinct parcel, notwithstanding other more, general words. Nor is it like
 
 Helme
 
 v. Guy, (2. Murph. 341,), where the words are
 
 ‘‘the
 
 tract of land whereon I now live,” and the testator owned many tracts adjoining, which were known by different names, that on which he lived being called the “Radcliffe tract.” Thee several tracts were distinct parcels originally ; derived by the testator at different times, and by different titles, were never known by one and the same name, nor, as far as appeared, occupied together. They remained several and the devise could therefore only pass the particular one designated, although thus designated by the terms “the tract of land whereon- I live” instead of “the Radcliffo tract.”
 

 JBut here the two acres formed a part of testators pa--
 
 *491
 
 ternal estate, and were never actually severed from if, ^y- a^°Lment under tho devises in his fathers will- The whole,including the mill, was given in one devise to the mother for life, and was occupied by her as one estate. Before severance, tho testator,
 
 Simon
 
 the younger, extinguished all other titles to the mill, aud the other parts of the tract of land, and also occupied the whole as one tenement, when he made his will and died — tho mill being at a considerable distance from- any of tho outer boundaries of the tract, on which he was actually cultivating fields, situate on the stream on which the mill was erected, above and below it. The whole then was in fact one tract and parcel, and was so considered by the testator. It cannot indeed be supposed without express or plain words of exception, that the testator meant to leave out a small parcel of two acres in tho heart of a largo tract of land and within the portion of it then under cultivation, for the sake of its descending to numerous collateral relations, .who were as the caso states, his co-heirs. If there was any other devise which could embrace it, or even a residuary clause, the claim of the defendant might be more plausibly resisted.
 
 ¡But
 
 the words are sufficient to parry the whole to him, and the other circumstances fortify that construction.— Especially as the testator has made one exception, namely, of the family grave yard, which he no doubt intended not to appropriate to any particular relative, but to preserve to its former,uscs, by letting it descend to all his heirs, among whom he might well think, so smali a (piantity as one acre, dedicated to such a purpose would never be divided. Tho number of acres specified cannot maií0 a difFeronec. Quantify may be matter of descrip,tion as in
 
 Den ex Demise Proctor
 
 v
 
 Pool,
 
 at last term,
 
 (ante p.
 
 370,) or as distinguishing which of two parcels is meant, when there is no other more certain criterion. But in general it does not import to enter with the description, as identifying the parcel conveyed, more than it amounts to a covenant, that the parcel contains the quantity designated. It is by every body regarded, if not as surplusage, as too vague to be relied bn as a de~
 
 *492
 
 finite or controling description. It turns out here, that the quantity mentioned in the will is since found upon admeasurement, to be that contained, in both tracts, deducting two acres. But it doe's not appear that the testator had surveyed the lands, or knew that to be the exact quantity,so as to render it not at all probable that he could use tliose terms for a different purpose, or in a different sense, from that in which they are commonly received.
 

 
 *491
 
 Tho number of
 
 afires m
 
 a tractof less plainly so in-o?1(]escriptionl.tter
 

 
 *492
 
 We think therefore that the judgment must be affirmed»
 

 Per Curiam. — Judgment aretrmed.