Daniel, Judge,
— After examining the whole will, we are of opinion, that the testator did not mean, by the words “ my plantation,” to confine the care of his wife only to the home tract of 565 acres ; but that he designed to embrace under this designation the two tracts which he cultivated together as one farm. It seems to us, that a chattel interest in the other two tracts of land passed to the widow, as trustee for the children named in the will, until William should come of age, or until the death of the widow, if that event should happen before William came of age. That this construction is right, is fortified by the fact, that the testator, when devising his lands in other parts of his will, does not make use of the word “plantation,” but he uses the words “tract of land.” Again, he devises his Kelly .tract of land to his two sons John and William, on William’s attaining full age; shewing his intention that it, (the Kelly tract) should go to some other person until that period arrived.— If no other person could be designated, by implication plain in the will, to take, then the heirs at law would take. But the testator does say, all the property not devised, is to remain in the care of his wife to be managed by her until William shall come of age. If the words are not express, the implication is plain, that the wife should take the Kelly tract. When William shall come of age, the chattel interest of his mother, (if she then be .alive,) will cease, and John and William will be entitled to the possession of the Kelly tract. The two tracts, viz : the home tract and the Kelly tract, pass to the widow under the words “ my plantation.”
The second question raised by the bill, has been decided court’ opinion on the first question. “ I give to my sons John and William A. Ellis, on William A. Ellis arriving at full age, my tract of land which I purchased *23 of Mrs. Kelly, &c.” Does this tract of land descend to the heirs at law, until William arrives at age? We have before said that the widow has a chattel interest in this tract. If the widow should die before William comes of age, who would be entitled to take the Kelly tract from her death unto , . , . - J . . the time of William s coming of age, is a question not sary now to be answered. The heirs at law, as such, at present have no vested rights in this tract of land.
The third question submitted, did the implements were on the mill tract of land, at the death of the testator, go to the persons who were to have the proceeds of the sale of the said tract. The clause in the will is as follows: “It is my will that my Executor sell the whole of my mill lands, on a credit, for the best price that can be obtained, the money arising from said sale to be equally divided between my daughters, &c.” The mill tract is not devised tothedaugh-ters, nor to the Executor to sell. The Executor has only a J naked power to sell and divide the money produced by the sale of the land, and not the crop growing on the land at the death of the testator. The mill land descended to the heirs . v . at law, subject to the power in the Executor to sell. The emblements or lands which descend to the heir, belong to the Executor, and are personal assets. We therefore declare, that no part of the emblements, which were on the mill tract the year the testator died, belong to the plaintiffs under this clause in the will. As to the remaining question which respects two thirds of the home tract, if Mrs. Ellis shall be alive when William arrives at full age, then she by the will becomes entitled to but one'thirdof that tract of land for her life. The other two thirds not having been disposed of by the will, then will go to the heirs at law until'the death of the widow. On her death, the Executor has a power to sell this tract, and divide the money among the daughters mentioned. The plaintiffs at present are not entitled to any of the demands setforth in their bill — therefore the bill must be dismissed.
Per Curiam. , . ■ Bill dismissed.