Battle, J.
 

 The bill is filed for the purpose of obtaining a construction of the will of the testator, Matthew Brickhouse. Several questions are raised, which we will proceed to consider and dispose of, in the order in which they are presented.
 

 1. The first question arises on the third clause of the will, and the facts in relation to it, are as follows : When the will was executed in September, 1852, the testator owned eight and a half acres of land, which were called and known as the Godwin tract, from the fact, that they had once formed a part of a tract of land belonging to a person of that name. He afterwards purchased, at different times, lands lying adjacent to the eight and a half acres, a portion of which had belonged to Godwin, and another of about thirty acres had been owned by a different person. All these lands were cultivated by the testator, after his purchase of them, as one farm. The question is, are they excluded from the devise to the testator’s daughter, Joanna, by being included in the exception of the “ Godwin tract,” and we are clearly of opinion that they are. The will was executed after the passage of the act of 1844, (see Eevised Code, ch. 119, sec. 6,) and must be construed, as to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, which was in October, 1857. Thus speaking and taking effect, it is settled that the Godwin tract will embrace what was known and cultivated as such,
 
 *304
 
 though composed of different parcels of land, bought at different times; see
 
 Bradshaw
 
 v.
 
 Ellis,
 
 2 Dev. and Bat. Eq. Rep. 20, and the cases referred to in the note to the second edition. These lands, though excepted out of the devise to the testator’s daughter, Joanna, are directed to be sold by the executors and the proceeds to be equally divided between the tes-tato’rs heirs-at-law, which is in effect a devise to them, and brings the case directly within the operation of the statute above referred to.
 

 2. Another question is raised upon this third clause as well as upon the ninth clause, as to how the division is to be made, whether
 
 per 'simpes
 
 or
 
 per capita. We
 
 think the former mode is clearly indicated. As there is nothing in the will to show that the terms, “ heirs-at.-law,” are not used in that technical sense, we are bound to take them in that sense, and to direct the distribution of the proceeds of the lands, as the lands themselves would have descended by law, to the heirs
 
 per stirpes.
 
 The personal property, if any be embraced in the 9th clause, must be governed by the same rule, it being given in the same terms which were applied to the proceeds of the real estate, and we being unable to discover any purpose in the will to make a different distribution of it.
 

 3d. The late case of
 
 Williamson
 
 v. Williamson, 4 Jones’ Eq. 281, S. C. 5 Jones’ Eq. 142, shows, beyond all doubt, that the testator’s grandaughter, Ann Oohoon, does not take the child of the negro girl, Ilasty, which was bom before the will was made.
 

 4. Eor the reason that the will, by force of the act of 1844, to which reference has heretofore been made, speaks and takes effect, as at the time of the death of the testator, we think his daughter, Joanna, was entitled to the crop of potatoes then growing.
 

 5. The testator’s son-in-law, James Brickhouse, alleges in his answer, that by an agreement with the testator, he was to have one half of the crop for his services, and in consequence thereof, he sets up a claim to that, effect, as to all the crops of various kinds growing on the testator’s land the_year in which
 
 *305
 
 he died. There is no proof of such agreement, and we must declare that it did not exist. The consequence is, that as one of the executors, he must account for all the crops which were on the testator’s land at the time of his death, except those portions of them which were expressly bequeathed to his wife, to wit: one hundred barrels of corn, six thousand pounds of fodder, and all the crop of potatoes. lie will be entitled to keep all the produce of his own land for that year. A decree may be drawn upon the principles declared in this opinion.
 

 IER CueiaM, Decree accordingly.