\* COMMISSIONERS OF MAXTON et al. v. COMMISSIONERS OF ROBESON COUNTY.

*Liquor Selling—County Commissioners—Mandamus.*

When County Commissioners refuse to grant license to retail liquor, on the ground that the applicant is not a fit person, a *mandamus* will not lie to compel the Commissioners to grant it.

This was an application for a *mandamus* to compel the Commissioners of Robeson County to grant license to retail liquor to J. T. Pool and others, plaintiffs in this action, heard, on demurrer to the answer, by *Graves, J.*, at September Term, 1890, of ROBESON Superior Court.

Demurrer was overruled, *mandamus* refused, and judgment against plaintiffs for costs.   Appeal by plaintiffs.

*Mr. T. H. Sutton*, for plaintiffs.
*Messrs. William Black* and *T. A. McNeill*, for defendants.

CLARK, J.: In the answer, it is alleged, "the defendants deny that they wilfully and absolutely refused to grant license to said J. T. Pool & Co. on that or any other occasion, but that, after hearing evidence both for and against the said

---

\* Head-notes by CLARK, J.

applicants, and argument of counsel and due consideration of the application, the defendants were of the opinion that said applicants were not fit persons to retail spiritous liquors"; and also "they further aver that, on the hearing of their said applications for an order for license to retail at Maxton, in this county, on 22d August, 1890, the defendants examined witnesses and heard testimony as to good moral character and fitness of the said applicants, as required by law, and also as to the places at which, in said town of Maxton, they proposed to conduct their traffic; and, after hearing arguments of counsel and due consideration of the evidence, they were of the opinion that the evidence was not satisfactory and did not establish that the applicants were men of good moral character, or that the places at which it was proposed to retail were suitable for that business, and denied the same. Defendants further deny that they acted wilfully or arbitrarily in said matter, but proceeded on their convictions of duty in the light of evidence and the facts."

The demurrer admits these allegations to be true. It is settled, that upon such state of facts a *mandamus* could not issue. *Muller* v. *Commissioners*, 89 N. C., 171; *Jones* v. *Commissioners*, 106 N. C., 436.

The plaintiffs rely upon sections 75 and 76, ch. 25, Private Laws, 1889, and contend, that inasmuch as the answer admits that at the election held in Maxton, "license" to sell liquor carried the majority of votes, the County Commissioners were deprived of any discretion in regard to the character of the applicant to sell liquor in that town, provided permission in writing had been granted to such applicant by the commissioners of the town. We do not think so. The sections referred to prohibit the County Commissioners from granting license to retail liquor in said town without permission in writing from the commissioners of the town, and prohibit the Town Commissioners from granting such permission, unless the town shall vote for "license,"

and, in that event, all laws prohibiting the sale of liquors in said town are repealed.

The town of Maxton, having so voted, was like any other territory in which there was no prohibitory law, and the powers and duties of the County Commissioners were the same in regard to it, except that before they could grant license to any person, however fit they might adjudge him to be, the permission of the Town Commissioners, in writing, must be first had. The effect of those sections is simply to require a concurrence of both boards to authorize a license to sell liquor in the corporate limits. *State* v. *Propst*, 87 N. C , 560.

We do not see why the commissioners of Maxton were joined as parties plaintiff with the applicants for license. Their presence seems to have been unnecessary, but in no wise prejudicial.

*Per Curiam.*                                    No error.