BOARD OF COMMISSIONERS OF HILLSBORO v. JOHN U.
SMITH et al.

*Writ of Certiorari—County Commissioners—Appeal to Superior Court—License to Sell Liquors—Good Moral Character.*

1. A writ of *certiorari* is the proper proceeding to have the action of a Board of County Commissioners reviewed in the Superior Court.

2. The order of the Court to have the proceedings of the County Commissioners certified to its next term, is not appealable.

3. Act of 1891, chap. 323, providing that the Board of Commissioners shall, upon satisfactory evidence of good moral character of the petitioner, issue the license, etc., is as mandatory as § 3701 of *The Code.*

4. The Board of Commissioners have a limited legal discretion in passing upon an application for license, and they have a right to take into consideration the suitableness of the place, and the propriety of increased accommodations for the public.

5. As to the town of Hillsboro, the provisions of the Acts of 1854, chap. 276, respecting the manner in which the applicant shall be recommended, is still in force.

This was a PROCEEDING for a writ of *certiorari*, heard by consent upon petition and affidavits, as evidence before *Boykin, J.,* riding the Fifth Judicial District, at Chambers in DURHAM, June 11th, 1891.

The petitioners (the said town), without objection, introduced an amendment to the charter of said town, being chapter 276, Laws of 1854–'55.

The defendant's counsel moved to dismiss the said application, upon the ground that the proceedings of the Commissioners of Orange County, in regard to granting the license and orders complained of were not subject to review, as it was an exercise of the discretion vested in said board. His Honor refused to dismiss the motion for a *certiorari,* and

110—27

ordered the Clerk of Orange Superior Court to issue an order to the Board of County Commissioners to certify their proceedings in the matter of granting said order to the Sheriff of Orange County to issue license to said John U. Smith & Co. to sell liquors in said town of Hillsboro by the small measure, viz., in quantities less than a quart and not more than five gallons, to the next term of the Superior Court of Orange County.

From this order defendants, Smith & Co., appealed, and assigned as error the refusal of his Honor to dismiss the application for a *certiorari* upon the grounds stated.

*Mr. C. D. Turner,* for plaintiff.
*Mr. J. W. Graham,* for defendants.

SHEPHERD, J.: The town of Hillsboro, by its duly authorized attorney, appeared before the Board of Commissioners of the County of Orange and objected to the granting of a license by that body to one John U Smith to retail intoxicating liquors in the said town. The Board of Commissioners ordered that a license be issued to the said Smith, and taxed the town with the costs of the proceeding. The town, having been thus treated as a party to the proceeding, very clearly had a right to have the action of the Board of Commissioners reviewed, and, as no appeal lies from that body in a case like the present, the writ of *certiorari* was properly granted. We are also of the opinion, that the order of the Judge is not appealable, and that this appeal must be dismissed. *Bank* v. *Burns,* 107 N. C., 465. As the case is to be further heard in the Court below, it is not improper that we should pass upon the questions presented upon the face of the petition.

It is there stated that the Board of Commissioners considered that when the applicant Smith had shown a good

moral character, it had no discretion whatever, but was compelled to grant him the license. The Act of 1891, chap. 323, provides that " the Board of Commissioners shall, upon satisfactory evidence of good moral character of the applicants, issue the license," etc. § 3701 of *The Code* is quite as mandatory in its terms, and is substantially similar to the above act, except that it uses the words "properly qualified applicants," instead of applicants having "good moral character."

In *Muller* v. *Commissioners*, 89 N. C., 171, a properly qualified applicant was held to mean a person having a good moral character, and the principles laid down in that case are, therefore, applicable to the one now under examination. The Court says that the Board of Commissioners have " a limited legal discretion in passing upon an application for license, and they have a right to take into consideration the question whether the demands of the public require an increase of such accommodations, and whether the place it is proposed to establish a bar-room is a suitable one." See also *Commissioners* v. *Commissioners*, 107 N. C., 335.

The other question is, whether the Board of County Commissioners have any power to grant a license to sell liquor in the town of Hillsboro to any person who is not recommended by the Commissioners of the said town. The answer is to be found in chapter 276, Acts 1854, which provides that " the Commissioners of the town of Hillsboro shall present to the said Court (Court of Pleas and Quarter Sessions, the duties of which, in respect to the granting of licenses, have been devolved upon the Board of County Commissioners) the names of such persons, not less than two in number, as they shall recommend to be licensed to retail spirituous liquors in the said town, and it shall not be lawful for the Justices of the said Court to grant a license to retail spirituous liquors within the limits of said town, except to persons who shall have been recommended as aforesaid." We have been referred to no statute repealing the foregoing act, and,

if it is still in force, it is plain that a license cannot be granted except upon the recommendation therein provided. A license granted without such a recommendation is void, and can afford no protection against an indictment for retailing without license.

Appeal dismissed.