## PERRY v. COMMISSIONERS OF CHATHAM COUNTY.

(Filed May 27. 1902.)

1. STOCK LAW—*Fences—Animals—Acts 1901, Chap. 531.*

> Under Acts 1901, Chap. 531, providing for the establishment of a stock law upon petition of a majority of the land owners, persons living in stock law territory included in the district covered by the petition, may join in the petition.

2. PUBLIC OFFICERS—*County Commissioners—Mandamus—Appeal—Stock Law.*

> Where county commissioners refuse to grant a petition to establish a stock law, as required by Acts 1901, Chap. 531,·and no appeal provided, writ of mandamus may be brought in superior court to compel them to grant the petition.

3. PARTIES.

> Where a complaint avers that the petitioners for a stock law are resident land owners in the territory named, and that the petition was signed by a majority of the land owners in the proposed stock law territory, the petitioners are the proper parties to compel the granting of the petition.

4. MANDAMUS—*Alternative—Acts 1901, Chap. 531.*

> A mandamus to compel county commissioners to establish stock law, under Acts 1901, Chap. 531, should be peremptory.

5. PLEADINGS—*Demurrer—Answer—The Code, Sec. 272.*

> Where a demurrer, being interposed in good faith, is overruled, the defendant is entitled to plead over if the request to do so is made at that term, and may also appeal from overruling the demurrer.

ACTION by T. H. Perry and others against the Board of Commissioners of Chatham County, heard by Judge *Thos. A. McNeill*, at Chambers, at Pittsboro, N. C., February 8, 1902. From a judgment for the plaintiffs, the defendants appealed.

*H. A. London,* for the plaintiffs.
*Womack & Hayes,* for the defendants.

CLARK, J.   It is enacted by Chapter 531, Laws 1901, that "the Board of Commissioners of Chatham County, upon the petition of a majority of land owners residing in any part or territory of said county, are hereby directed to establish the stock law in such territory, to take effect at such time as may be designated in such petition."

The complaint in this action, brought by Theodore H. Perry and others, avers that such petition for the territory designated therein was signed by a majority of the land owners residing in said territory and was presented to the defendants, Commissioners of said county, at their regular meeting in January, 1902, and that the defendants in their order refusing the petition adjudged that said petition was signed by a majority of the land owners residing in said described territory, but refused to establish the stock law therein because, in part of said territory, the stock law had already been established, and, without the signatures of land owners residing in that part of the territory, the petition would not have a majority of land owners resident in said territory. The plaintiffs ask for a mandamus to the defendants forthwith to establish the stock law in said territory.   The reason given by defendants for their refusal is invalid, and has already been so adjudged in *Smalley v. Commissioners,* 122 N. C., 607.   If there is anything inequitable in this, it is due to the wording of the statute, which was passed after the same construction had been placed on similar language in that case, and its enactment must be taken to have been with knowledge of that decision.   For that reason probably the defendants who demurred rested their argument on the additional grounds:

1. That plaintiffs' remedy was by *certiorari.*   There being no appeal provided, the plaintiffs might have elected to take the case up by *certiorari,* and have asked for a *procedendo* to the Commissioners.   *Hillsboro v. Smith,* 110 N. C., 417.   But this is not imperative, like an appeal when one lies, and plain-

tiffs could, if they so elect, bring this action and ask, as in all similar cases, for mandamus to compel public officers to obey a plain duty prescribed by statute.

2. That the Court could not control the exercise of judicial powers, and it is the duty of the Commissioners to pass upon the petitioners and ascertain whether they are adult land owners resident in said limits, and not infants, idiots and lunatics. But the order made by defendants, set out in the complaint and admitted by the demurrer, adjudged that the petition was "signed by a majority of the land owners residing within the following-described territory in Chatham County, asking for the establishment of a no-fence law therein."

3. That the plaintiffs were not interested, as it does not appear they were resident land owners. The action is in the name of Theodore H. Perry and others, resident land owners in two townships named, and while these township limits may perhaps not be identical with those of the proposed stock-law territory, the complaint avers that the petition was signed by a majority of the resident land owners in said proposed stock-law territory. This is admitted, and as the petition of Perry and others is in behalf of themselves and such land owners of the territory who have been adjudged a majority of the land owners resident therein, it sufficiently appears that the action is prosecuted *bona fide* in behalf of such petitioners.

It is objected that an alternative mandamus should first issue. This is true where the adjudication of the plaintiff's rights is not conclusive that the mandamus should issue, as where, though an indebtedness is adjudged valid, on return to the alternative mandamus, it may appear that the county or municipality can not raise the funds, after paying necessary current expenses, without special legislative authority, which has not been obtained. Here, the decision of the right to the order is on the whole merits and no other defense, from the nature of things, can be set up to an alternative mandamus than is already raised.

The last objection is that after the decision of the demurrer, the Court should have allowed the defendants to answer. This is true if the defendant had so requested at that term and the Court had found that the demurrer had been interposed in good faith.   *Bronson v. Insurance Co.,* 85 N. C., 411; *Gore v. Davis,* 124 N. C., 234.   Upon the demurrer being over-ruled, the defendants should (if they so desired) have asked leave to answer over, and could also have appealed from over-ruling the demurrer.   When the judgment overruling a demurrer is sustained on appeal, then on the case going back the defendant can file an answer.   But here the defendants did not ask such leave, and doubtless the whole defense is the propositions of law presented by the demurrer, for all the facts essential to the plaintiffs are found and adjudged by the defendants in their order refusing the petition, which order is set out in full in the complaint in this action.

In adjudging that a peremptory mandamus issue, there was
No error.