GEORGE P. GRIMES v. JOHN H. BRYAN.

(Filed 25 November, 1908).

1. Deeds and Conveyances—Description—Parol Evidence.

A deed conveying a tract of land under the description: "A certain tract or parcel of land lying and being in the county aforesaid, fronting the farm of C. W. Taylor, adjoining the farm of T. H. Robinson, and others, and known as the B. H. Taylor place, being 150 acres more or less," is sufficiently definite to permit the reception of parol testimony to fit the description to the property, and it was further competent to show by such testimony that the father of defendant, and grantee in the deed, had constituted thirty additional acres, being the *locus in quo,* as a part of the B. H. Taylor place for the purposes of the deed, and that the same was included within the descriptive terms of the instrument.

2. Deeds and Conveyances—Adverse Possession—Title—Instruc-
tions.

When plaintiff claims the land by adverse possession, and the
defendant claims as grantee of a purchaser at a sale under a
mortgage given by plaintiff, which claim plaintiff resists upon
the ground that the description in the mortgage does not cover
the *locus in quo*, it is not to plaintiff's prejudice for the trial
Judge to charge, in effect, that, if the plaintiff was in possession
of the land for twenty years and held it openly and adversely
within known and visible lines and boundaries, and had never
conveyed the same, it would ripen the title in him.

ACTION, tried before *Lyon, J.*, and a jury, March Term,
1908, of EDGECOMBE, to recover thirty acres of land.

Plaintiff offered evidence tending to show title to the land
in controversy by reason of adverse occupation by himself and
his father, Thomas Grimes. Defendant offered in evidence
a deed from said Thomas Grimes to plaintiff, dated 1 March,
1877, and claimed the land by virtue of foreclosure proceed-
ings, under a mortgage executed by plaintiff to Claudia Red-
mond, conveyance under and by virtue of said mortgage from
Claudia Redmond to J. F. Shackelford, 9 November, 1896,
and deed from said Shackelford to defendant, dated 14 No-
vember, 1901.

In the deed from Thomas Grimes, the father of plaintiff,
the land conveyed is described as follows:

"A certain tract or parcel of land lying, and being, in the
county aforesaid, fronting the farm of C. W. Taylor, adjoin-
ing the farm of T. H. Robinson and others, and known as
the B. H. Taylor place, being 150 acres more or less."

In the mortgage and deeds subsequent thereto, conveying
the property included therein to plaintiff, the interest con-
veyed is described as: "a certain piece or parcel of land lying,
and being, in said county and State, the same being the land
which was conveyed to said George P. Grimes, plaintiff, by
Thomas Grimes, by deed, dated 1 March, 1877, to which
reference is made for particular description thereof."

There was evidence on the part of defendant tending to show that the description set out in the deed from Thomas Grimes to plaintiff covered the thirty acres in controversy, and further, that, while the place known as the B. H. Taylor place had originally, when same was conveyed to Thomas Grimes in 1867, contained only 118½ acres, said Thomas Grimes, with a view of making a fair and equal division of his land among his children, had annexed the thirty acres in controversy to the Taylor place and made the same a part thereof, and had included said thirty acres within the descriptive terms of the deed to his son, and as a part of the "B. H. Taylor place" as used in said deed.

There was evidence on the part of plaintiff, that the thirty acres in controversy was a separate piece of land, that it had never become a part of the land known as the B. H. Taylor place, and was not included within the deed to plaintiff from his father, nor within the mortgage to Claudia Redmond.

On issues submitted there was verdict for the defendant, and plaintiff excepted and appealed.

*F. C. Harding* and *Julius Brown* for plaintiff.
*G. M. T. Fountain* for defendant.

HOKE, J., after stating the case: We have given the record and the exceptions noted careful consideration, and find no error presented to plaintiff's prejudice. The description contained in the deed from Thomas Grimes to the plaintiff was sufficiently definite to permit the reception of parol evidence to fit the description to the property. *Hinton v. Moore,* 139 N. C., 44; *Perry v. Scott,* 109 N. C., 374; *Euliss v. Mc-Adams,* 108 N. C., 507. And it was further competent to show by parol testimony, that the father of plaintiff and grantor in the deed had constituted the thirty acres in controversy as a part of the B. H. Taylor place for the purpose of the deed, and that the said thirty acres was included within the descriptive terms of the instrument. *Woods v. Woods,*

55 N. C., 420; *Rodgers and wife v. Buckhorne,* 58 N. C., 301; *Bradshaw v. Ellis,* 22 N. C., 20; *Dodson v. Green,* 15 N. C., 488.

In the charge of his Honor the rights of the parties were properly made to rest, chiefly, on whether the land in controversy was included in the deed from Thomas Grimes to plaintiff, and the subsequent deeds passing the interest to plaintiff under and by virtue of the foreclosure proceedings. This being true, and the defense having been made to rest chiefly on the assumption that plaintiff was at one time the owner of the land and had sold it to defendant, and those under whom defendant claimed, many of the exceptions noted become irrelevant, as they were made to adverse rulings of the Court, in the effort on the part of plaintiff to show title in himself. We think every right or claim available on the evidence to plaintiff was fairly submitted under the portion of his Honor's charge given in response to prayers for instructions on the part of plaintiff, as follows:

"That if you find from the evidence that the plaintiff went into the possession of the land described in the complaint and held the same in open, notorious and adverse possession under known and visible lines and boundaries for twenty years, and he has not conveyed it, it would give the plaintiff title, and you should answer the first issue 'Yes.'

"That if you find from the evidence that the plaintiff went into the possession of the land described in the complaint by a parol gift from his father, and held the same in open and adverse possession under known and visible boundaries for twenty years, and he has not conveyed it, it would give the plaintiff title, and you should answer the first issue 'Yes.'

"That if you find that the plaintiff's father gave the land described in complaint to the plaintiff, orally, and that he went in possession of same and held it for twenty years, cultivating and using it as his own, then it would give the plain-

tiff title, and he would be entitled to recover the same, unless he has made a deed of conveyance of the same."

We are of opinion that there is no reversible error in the record, and the judgment for defendant is affirmed.

No error.