## W. J. DICKSON ET AL. v. G. W. PERKINS ET AL.

(Filed 1 November, 1916.)

**1. Statutes—Different Acts—Interpretation.**

Where a later legislative enactment refers to a former one, with express recognition of its existence, and that it controls the subject-matter, except as therein modified, they should be construed together as the law regulating the subject, and applied as a whole.

**2. Same—Roads and Highways—Damages—Constitutional Law—Taking of Property—Due Process.**

A public-local law provided for the establishment, etc., of highways on petition before the county commissioners, with right of appeal to the Superior Court on all material issues, the road to be laid off by a surveyor and two freeholders, who should assess damages, report to county commissioners, allowing the landowners ten days within which to except and have such exceptions duly passed upon, and a later one recognized its provisions except as therein modified, required the petition to be filed before the township trustees, with intermediate appeal to the county commissioners, provided payment out of the road funds, if any, but otherwise to become a county charge. *Held*, the later statute directing the trustees as commissioners to lay out the highway established it by direct legislation; and construing the acts together, they were not unconstitutional as a taking of the lands of the owners without compensation and due process of law.

**3. Roads and Highways—Eminent Domain—Statutes—Notice—Constitutional Law.**

A landowner is not entitled to notice that his land is being taken for the establishment and maintenance of a highway under proceedings had

therefor under the terms and provisions of a statute, if the statute provides that notice and opportunity be afforded him to appear before a designated tribunal and contest the question of damages.

**4. Roads and Highways—Constitutional Law—Due Process—Damages—Appeal—Statutes.**

Where the statute authorizing the laying out, construction, etc., of a public road by commissioners provides for an appeal therefrom to the courts, *Semble*, the assessment of damages to the landowners, being incidental to the construction of the road, are included in the right to appeal, though not expressly stated, and come within the true intent and meaning of the statute.

**5. Same—Courts—Right of Review.**

*Semble*, the Legislature may make the award of assessors to lay off and construct a public road final as to the amount of damages to be paid the owners of the land so appropriated; and *Held*, the awarding of such damages is to a large extent a judicial question, and unless the statute clearly shows that the action of the appraisers is to be regarded as final, the Superior Court, in the exercise of its general powers of supervision and control over any and all subordinate tribunals, may in proper instances bring the cause before it for review, certainly in case of manifest and gross abuse.

CIVIL ACTION heard on return to preliminary restraining order before *Webb, J.,* holding the courts of Eleventh Judicial District, on 16 March, 1916, at chambers, from ASHE.

The order was to restrain the defendants from laying out a public road pursuant to chapter 717, Public-Local Laws 1915.

There was judgment dissolving restraining order and appointing a jury to assess damages, pursuant to general road law, Ashe County, and plaintiff excepted and appealed.

*J. B. Councill, G. L. Park, and C. B. Spicer for plaintiff.*
*Y. C. Bowie for defendant.*

HOKE, J. The act in question, chapter 717, Public-Local Laws 1913, appoints defendants as commissioners and directs them to lay out a certain highway in Ashe County over the lands of plaintiffs and others, and it is objected to his Honor's judgment that the statute is unconstitutional in that it makes no provision, or no adequate provision, for the award and payment of the damages that may be suffered by the plaintiff and others, landowners along the designated route. Regarded as a separate and independent piece of legislation, the objection might be sustained, but the statute is, and purports to be, an amendment to the general road law, Ashe County, as contained in chapter 185, Public-Local Laws 1913, and chapter 286, Laws 1899, expressly recognizes these acts as existent and controlling except as modified, and they thus become, together, the law regulating the subject and to be construed

and applied as a whole. *Keith v. Lockhart,* 171 N. C., 451. Considered in that aspect, we are of opinion that sufficient provision is made for the award and payment of compensation for any damages that may arise to plaintiffs and others in like case, and the objection to his Honor's judgment cannot be sustained. In chapter 286, Laws 1899, secs. 25 and 26 provide for the establishment, etc., of highways, on petition before the county commissioners, with the right of appeal on all material issues to the Superior Court. In chapter 185, Public Laws 1913, this petition is to be filed before township trustees, with intermediate appeal to ·county commissioners. In section 27, Laws 1899, the road, when established, is to be laid out by a surveyor and two freeholders, who shall fix the grade and assess the damages. These shall make a report to the county commissioners (now township trustees), and during ten days any landowner may except and have his exception duly considered and passed upon, and we are of opinion that, in the present statute directing defendants as commissioners to lay out the highways, it was intended to establish the road by direct legislative action, a method permissible in the proper exercise of the power of eminent domain, 10 R. C. L., title, "Eminent Domain," sec. 167, p. 195, and to substitute these commissioners for the surveyor and two freeholders, as to the laying out the road, fixing the grade, and assessing the damages, and that, pursuant to the other requirements of the section, defendants as commissioners should make their report to the board of township trustees, where it should remain for ten days, giving all owners their right of exception, as stated. Under section 47, chapter 185, Laws 1913, the damages assessed to a landowner are to be paid by the treasurer of the road trustees of the township on an order signed by the chairman and at the least one other member of the board, and if there are no funds' on hand these payments to become a county charge, payable on the order of the board of township trustees and the treasurer of the township and accompanied by a certificate that no funds are available.

It is recognized with us that in these statutes taking over property for public use under powers of eminent domain a landowner is not of right entitled to notice as to the appropriation of his property, and that it suffices if proper notice is given and opportunity afforded to appear and contest the question of damages. *Kinston v. Loftin,* 149 N. C., 251; *S. v. Jones,* 139 N. C., 613. In *Loftin's case* the principle is stated as follows: "A statute authorizing such an assessment which provides for a notice that would enable the property owner to appear before some authorized tribunal and contest the validity and fairness of the assessment before it becomes a fixed charge upon his property is not open to the objection that it deprives the owner of his property without due process of law." The case of *S. v. Jones* is also in approval of the position that,

although notice to the landowner is not expressly provided for in the statute, the proceedings may be upheld if in fact adequate notice is given and opportunity afforded to appear and be heard on the issue. It is further insisted that the statute is invalid because no proper provision is made for an appeal on the question of damages. If this be conceded as the correct interpretation of the statute, it is very generally held that, unless in violation of some express constitutional provision, the Legislature may make the award of appraisers final as to the amount of damages. *R. R. v. Ely*, 95 N. C., 77; *R. R. v. Jones*, 23 N. C., 24; *Ross v. Board Sup.*, 128 Iowa, 427; 2 Lewis Eminent Domain, sec. 787.

Sections 25 and 26, however, of the general statute applicable, chapter 286, Laws 1899, as stated, provide for an appeal in case of laying out, discontinuing, or altering a highway, and the matter of fixing the grade and assessing the damages being usually incident to such a procedure, we incline to the opinion that the right of appeal as to the amount of damages is within the true intent and meaning of the statute. And, in any event, this matter of awarding the damages, being to a large extent a judicial question, unless the statute clearly shows that the action of the appraisers is to be considered final, it has been held that the Superior Court, in the exercise of its general powers of supervision and control over any and all subordinate tribunals, may, in proper instances, bring the cause before it for review, assuredly so in case of manifest and gross abuse. *S. v. Tripp*, 168 N. C., 150; *Perry v. Comrs.*, 130 N. C., 558; *Comrs. v. Smith*, 110 N. C., 417.

In no aspect of the matter, therefore, can the objection be sustained, that the statute is invalid, and, on the record, we are of opinion that the restraining order should be dissolved and the action dismissed.

Modified and affirmed.