JOHN G. COX, V. A. ABBOTT, R. L. ABBOTT, J. L. SASSER, JESSE G.
BROWN, MIKE TAYLOR, C. B. BROOKS, NOEL HOBBS, DREW W.
POLLOCK, DAVID STADIEM, THOMAS MEWBORN, JR., MIKE LEE,
SR., Suing for Themselves and All Other Taxpayers Similarly Situ-
ated, Who Desire to Come in and Make Themselves Parties to This
Cause, v. THE CITY OF KINSTON, a Municipal Corporation, J. R.
ROUNTREE, H. C. WOOTEN, JOHN C. HOOD, J. F. PARROTT, JR.,
and C. A. KRAMER, and HOUSING AUTHORITY OF THE CITY OF
KINSTON, NORTH CAROLINA.

(Filed 10 April, 1940.)

**1. Municipal Corporations § 1—**

A Housing Authority created under the provision of chapter 456, Public
Laws of 1935, Michie's Code, 6243, is a municipal corporation created for
a public governmental purpose, and such Authority is invested with a
governmental function.

**2. Constitutional Law § 3½—**

The creation by the Legislature of a board or municipal corporation
and the conferring upon such board or municipal corporation *quasi*-
judicial and administrative functions does not violate the constitutional
provision that the legislative and the supreme judicial powers of the
Government shall be separate and distinct, Constitution of North Carolina,
Art. I, sec. 8.

**3. Same—**

A Housing Authority created under chapter 456, Public Laws of 1935,
is not invested with legislative and supreme judicial powers, and therefore
its creation does not violate the constitutional provision that these powers
be and remain separate and distinct.

**4. Constitutional Law § 4c—**

The fact that an administrative board or municipal corporation is author-
ized to investigate and determine the existence or nonexistence of facts
upon which depend the application of the law it is charged with admin-
istering, is not a delegation of legislative functions. Constitution of North
Carolina, Art. II, sec. 1.

**5. Same—**

The provision of chapter 456, Public Laws of 1935, investing municipal
corporations with the power to determine each for itself the existence or
nonexistence of facts necessary for the creation of a housing authority to
perform a proper municipal governmental function within its limits is not
an unconstitutional delegation of legislative authority. Constitution of
North Carolina, Art. II, sec. 1.

**6. Municipal Corporations § 23: Eminent Domain § 1—**

The power of a municipal corporation to purchase or condemn land for
a public purpose is not affected by the fact that its acquisition of the
property for such public purpose has the effect of retiring the property
from the tax books.

**7. Injunctions § 1—**

Injunction will not lie to control the exercise of the discretionary powers vested in a board or municipal corporation, and its finding of facts upon which it determines that the law it is charged with administering is applicable is not subject to review by injunction, the scope of the inquiry being limited to the constitutionality of the act and the right of the board or municipality to proceed upon the facts found.

**8. Municipal Corporations § 1—**

The existence or nonexistence of facts within its corporate limits justifying the creation of a Housing Authority is for the determination of the municipal corporation, chapter 456 (4), Public Laws of 1935, Michie's Code, 6243 (4), which duty is political and not judicial, and in proceedings to enjoin the activities of a Housing Authority created under the act the court does not have authority to hear evidence in regard to the existence of the facts upon which the creation of the Housing Authority is predicated. Whether an appeal will lie from the municipal corporation to review such findings, *quære.*

**9. Appeal and Error § 1—**

There is no inherent or inalienable right of appeal, the right of appeal being a privilege granted by statute.

**10. Constitutional Law § 4a—**

Public policy is the exclusive province of the Legislature and its determination is not subject to review by the courts.

**11. Injunction § 11—**

In a suit for perpetual injunction in which questions of fact are raised for the determination of the court, and in which no issues of fact to be tried by a jury are involved, the court may dismiss the action if it appears that in no aspect of the case would plaintiff be entitled to the relief, but in such case the action must be dismissed at term-time and not at chambers.

APPEAL by plaintiffs from *Parker, J.,* at Chambers in Clinton, N. C., 6 February, 1940. Modified and affirmed.

The plaintiffs, in their character as taxpayers in the city of Kinston and within the area affected by the jurisdiction of the Kinston Housing Authority, brought this action in behalf of themselves and others like situated, to permanently enjoin the defendants from proceeding further with the activities undertaken by them as the Housing Authority for the city of Kinston under authority of chapter 456, Public Laws of 1935, with respect to a housing project in Kinston; and particularly to enjoin them from borrowing money or incurring indebtedness in relation thereto. The defendants are the city of Kinston, the Housing Authority of the city of Kinston, and the individuals composing the Commission constituting such Housing Authority.

Plaintiffs complain that if defendants are not restrained from their operations, which are alleged to be illegal, a debt will be incurred which

will eventually result in a liability on the city of Kinston, for which there is no lawful authority, and a large part of the property subject to taxation will be taken off the tax books, thereby increasing plaintiffs' taxes; and that by reason thereof the injury and damage to plaintiffs will be irreparable.

They allege that the Housing Act cited is unconstitutional and void, in that it creates no municipal corporation, is not in furtherance of any public purpose, delegates to the groups mentioned in the act the legislative or judicial function, is discriminatory in its character and seeks to foreclose substantial rights by denying the right of trial by jury and of appeal.

The proceeding under which the Authority was created is also attacked for alleged want of compliance with the statute.

A temporary restraining order was applied for and granted. Upon hearing of the order to show cause, the trying judge found numerous facts with regard to the contentions involved, finding facts in detail with regard to the step-by-step procedure followed by the city and Housing Authority, both as to the organization of the Authority and subsequent proceedings, and found them to be regular and such as were required by law, and declared them to be a valid exercise of power. He heard evidence as to the conditions of sub-standard housing, the existence of low income occupancy, and other matters dealing with the slum clearance features of the act, and found the facts against plaintiffs' contentions. He adjudged the act to be constitutional, dissolved the restraining order, and dismissed the action. Plaintiffs appealed, assigning numerous errors.

*J. A. Jones for plaintiffs, appellants.*
*Whitaker & Jeffress for defendant, City of Kinston.*
*Ely J. Perry and John G. Dawson for defendant, Housing Authority of City of Kinston, and individual defendants, appellees.*

Seawell, J. Most of the objections and exceptions of the plaintiffs are met in *Wells v. Housing Authority,* 213 N. C., 744, 197 S. E., 693. That decision upheld the constitutionality of the act now under review, and discussed the points raised in the case. It is presumed that the decision, constructively at least, covered all of the objections to the constitutionality of the measure which might have been raised in that controversy. Actually the plaintiffs here present some new arguments bearing on that question, not dealt with in the opinion, and these we note.

As we have stated, *Wells v. Housing Authority, supra,* is conclusive as to the more important features of the attack now made on the constitutionality of the measure. It was there decided (a) that the Author-

ity created by the act is a municipal corporation, (b) that the act comprehends a public governmental purpose, and (c) that the Authority is invested by it with a governmental function. These holdings were couched in language as clear and concise as we could employ, and we do not wish to occupy useless space and perhaps create confusion by a repetition here. It is sufficient to say that the arguments presented by plaintiffs' counsel in this immediate connection, both orally and by brief, are the same that were addressed to the Court on the same points in *Wells v. Housing Authority, supra,* and *Webb v. Port Commission,* 205 N. C., 663, 172 S. E., 377, with much force and clarity, and with a wealth of citation of authority, and the conclusions reached by the Court in those cases were neither careless nor perfunctory. We see nothing new or compelling in the instant presentation, and our conclusion as reached in *Wells v. Housing Authority, supra,* remains unchanged. Practically all the courts of the several state jurisdictions, to which the matter has been presented on laws similar to our own, at least eighteen in number, are in accord with this decision. *In re: Opinions of the Justices,* 235 Ala., 485, 179 So., 535; *Housing Authority of the County of Los Angeles v. Isadore B. Dockweiler, Chairman,* 94 P. (2d), 794; *Kraus et al. v. Peoria Housing Authority et al.,* 370 Ill., 356, 19 N. E. (2d), 193; *Dornan v. Philadelphia Housing Authority et al.,* 331 Pa., 209, 200 Atl., 834; *Edwards et al. v. Housing Authority of the City of Muncie et al.,* 19 N. E. (2d), 741. We need not extend the list. Some of the cited cases cover objections to the constitutionality of this law, mentioned in our further discussion, but in the interest of space the citations will not be repeated.

We address ourselves to the more important objections made by the plaintiffs, not included in the above; but we do not deem it necessary to take up the exceptions *seriatim.* Where not here mentioned, they have been considered and not sustained.

The plaintiffs contend that the statute is unconstitutional and void because it delegates to the city council the legislative function, or to such non-judicial body the judicial function, and they base this contention on the constitutional requirement that "The legislative, executive, and supreme judicial powers of the Government ought to be forever separate and distinct from each other." Constitution, Article I, section 8.

It is true that the Constitution gives to the General Assembly the power which has, in this State, been considered exclusive, to enact laws or, as we say, exercise the legislative function, and this cannot be delegated. Constitution, Article II, section 1. As to the judicial function, the Legislature itself has none, and, therefore, the use of the word "delegation" is not apt as regarding the power of the Legislature to confer judicial powers. The Legislature has always, without serious question,

given *quasi*-judicial powers to administrative bodies in aid of the duties assigned to them, without necessarily making them courts. Such powers are given to the Utilities Commission, the Industrial Commission, the Commissioner of Revenue, the State Board of Assessment, and, in lesser degree, to many other State agencies which we might add to the list. The performance of *quasi*-judicial and administrational duties by the same board violates no implication of the cited section of the Constitution, requiring that the supreme judicial power be kept separate from the legislative and executive. Certainly the limited discretion given to these bodies is no part of the "supreme judicial power" of the State.

The creation of investigatory or fact-finding bodies, or the investment of agencies already created with powers of this character, have never been considered a delegation of legislative power. *S. v. Harris,* 216 N. C., 746. While it is sometimes difficult to determine whether the powers conferred for such purposes are legislative in character, we do not consider the present law in that respect even within the penumbra, since the discretion given to the city council in the matter is well within reasonable limitations and standards set up in the act, and. does not supplement the act from a legislative point of view.

The act was complete in every respect when it left the hands of the Legislature, and the discretion lodged with the city council bears only upon the question whether certain conditions exist justifying the creation of the Authority under the terms and procedure laid down in the statute.

"The mere fact that an officer is required by law to inquire into the existence of certain facts and to apply the law thereto in order to determine what his official conduct shall be and the fact that these acts may affect private rights do not constitute an exercise of judicial powers. Accordingly, a statute may give to non-judicial officers the power to declare the existence of facts which call into operation its provisions and, similarly, may grant to commissioners and other subordinate officers power to ascertain and determine appropriate facts as a basis for procedure in the enforcement of particular laws." 11 Am. Jur., p. 950.

In passing upon the constitutionality of the powers conferred upon the city council, it must be borne in mind that they are delegated to a municipal government in an act which directly recognizes the purpose to be within the proper governmental pale of the municipality, in so far as the act confers any powers or duties upon it with respect to the creation of the Housing Authority. Thus, a much wider range of powers is within the legitimate bestowal of the Legislature than would be the case if those powers were delegated to a non-municipal body, itself exercising no governmental power. These powers must be considered as in themselves municipal to the extent they engage the governing body of the municipality, since they are incidental to the municipal government

and of local concern. 16 C. J. S., p. 400-401, and cases cited. Amongst the powers which may thus be conferred within constitutional limits are those referring to housing and slum clearance and the creation of commissions for such purpose, as provided for in the act under consideration. 16 C. J. S., p. 402, citing *Wells v. Housing Authority, supra; Spahn v. Stewart,* 268 Ky., 97, 103 S. W. (2d), 651; *State ex rel. Porterie v. Housing Authority of New Orleans,* 190 La., 710, 182 So., 725.

It is well understood that while a legislature may not delegate its powers to make laws, it can delegate the power "to determine some fact or state of things on which the law may depend." 11 Am. Jur., p. 949.

Indeed, it is difficult to see how the structure of a municipal corporation could be maintained or administrational laws could be applied to conditions, the ascertainment of which is necessary to their operation, without the elasticity thus provided.

We note the contention of the plaintiffs that, by reason of the creation of the Housing Authority, property of large taxable value will be taken off the books, to the detriment of the complaining taxpayers. Actually the evidence tends to show that the completion of the project will affect tax collections only to the extent of about $500.00 annually. While consideration of the contention at this juncture would seem to be getting ahead of the procession, we are not sure whether the defense meant this as a moral or legal argument. The position that a municipal corporation may not, either by purchase or by the exercise of eminent domain, acquire property for a public governmental purpose, because this would have the effect of retiring it from the tax books, seems to us without merit.

The trial judge might well have doubted his authority to hear evidence as to conditions in the area with reference to sub-standard housing, prevalence of low income inhabitants, and other matters upon which the creation of the Housing Authority is made to depend. Under section (4) of the act (Michie's Code, section 6243 [4]), this is made the duty of the governing body of the city. No provision is made in the statute for any appeal or any review of this decision, and since we do not regard it as a judicial order, no provision for appeal was necessary. Even if we consider that the judicial function is involved, where the essentials of notice and hearing are provided as they are here, *quære* whether the right of appeal in such a case is guaranteed by the Constitution or required by statute.

There is no inherent or inalienable right of appeal. 2 Am. Jur., p. 847; *Re: petition to transfer appeals,* 202 Ind., 365, 174 N. E., 812. It is a privilege granted by statute. *McCartney v. Shippard,* 60 Oreg., 133, 117 P., 814; *Caudle v. Morris,* 158 N. C., 594, 74 S. E., 98; *Haw-*

*kins v. Telegraph Co.,* 166 N. C., 213, 81 S. E., 161.   Compare: *Windsor v. McVay,* 206 N. C., 730, 175 S. E., 83; *Taylor v. Johnson,* 171 N. C., 84, 87 S. E., 981; *Hillsboro v. Smith,* 110 N. C., 417, 14 S. E., 972 (dealing with *certiorari* as a substitute for appeal from action of the board of county commissioners in refusing license to retail intoxicating liquors).   "But in all cases the question to be raised upon the *certiorari,* as upon an appeal, must be one involving judicial action from which an appeal would otherwise lie and not a matter of discretion." McIntosh, North Carolina Practice and Procedure, p. 822; *Guilford County v. Georgia Co.,* 109 N. C., 310, 13 S. E., 861.   If the plaintiffs had any right of review under these authorities, which we do not concede, injunction cannot be used as a substitute for appeal, and the case was, therefore, not before the trial judge as upon appeal.

In the last few sentences we have discussed this feature of the case with some concession to the plaintiffs' point of view as to the character of the power conferred on the city council.   This must be understood as only for the purpose of eliminating the exception on plaintiffs' chosen ground.   Actually, the powers delegated are political, not judicial, and whatever discretion is given in aid of them does not involve the exercise of the judicial function.   It follows that the challenged delegation of power is not tainted with the unconstitutionality suggested by the plaintiffs, and, furthermore, a review of the exercise of these powers in an action for injunction is practically limited to the constitutionality of the power, which we have discussed, and to the performance or non-performance of those things upon which its validity must rest.   The judgment of the court cannot be made to take the place of the discretion of the city council when exercised in the manner provided by statute.

The statute provides: "In any suit, action or proceeding involving the validity or enforcement of or relating to any contract of the Authority, the Authority shall be conclusively deemed to have been established in accordance with the provisions of this article upon proof of the issuance of the aforesaid certificate by the Secretary of State."   We regard this as a perfectly legitimate provision, and similar provisions for the purpose of quieting litigation have often been sustained by the Court.   It does not assume judicial power by preventing or curtailing its exercise by the courts.   It simply bars an attack on the procedure after a certificate of incorporation has been obtained from the Secretary of State. Indeed, the provision of public notice and hearing was not essential to the validity of the creation of the Authority (although a wise provision), had the Legislature been minded to leave it out.   It was, therefore, competent to cure unessential defects in the procedure which the law-making body might have seen fit to omit *imprimis.*

Cox *v.* KINSTON.

The Legislature does not assume the judicial power in declaring the public policy with regard to conditions which it finds to be detrimental to the public interest, socially, economically, or politically, so long as it stays within the limits of the Constitution and invades no naturally inalienable right. The Court does not sit at the entrance of the legislative hall, but rather at the exit. It takes the ball on the rebound. Nor does the judicial power extend to the determination of abstract questions before these settle down concretely upon some person and give him a justiciable cause. Legislative discretion exercised within the broad field of power reserved to the people outside of constitutional limitations is not judicial in its nature but operates by fiat. The findings in the preamble are of this nature. It is not required of us to give them judicial approval either before or after the fact of their enactment.

The policy of the law involves a legislative discretion which is not subject to review. As pointed out in *Lilly & Co. v. Saunders,* 216 N. C., 163, this Court has nothing to do with the propriety of an economic experiment. It seems to us clear, however, that a definite relation has been established between the prevalence of crime, often the result of human misery and neglect, and conditions which it is the purpose of this legislation to remove. The municipal government, where such conditions prevail, is sufficiently interested in these matters to vindicate the propriety of the powers and duties conferred upon the governing body with respect to the investigation of these conditions and the creation of the Authority under the procedure laid down in the law.

There remains to be considered the objection of the plaintiffs to the dismissal of the action. The plaintiffs contend that upon the hearing of the order to show cause the court had no jurisdiction to dismiss the action, citing *Patterson v. Hosiery Mills,* 214 N. C., 806, 200 S. E., 906, in support of their contention. But in *Patterson v. Hosiery Mills, supra,* the injunction was continued to the hearing, not dissolved. Frequently, in the exercise of the equitable jurisdiction of the court in matters of injunction, it becomes necessary to examine into the merits of the case, often dealing with issues of fact which must eventually be left to the jury, in order to decide the immediate question as to the continuance or dissolution of the restraining order. In the cited case, the Court did deal with issues of fact necessary to be considered for the immediate purpose of the Court, and the plaintiff in that case insisted that these findings were *res judicata* between the parties on the final hearing. In the case at bar, the court was dealing with no issues of fact, but only questions of fact, which it is the province of the court to determine.

When the sole object of the litigation is perpetual injunction, and the court proceeds from the pleadings and from the evidence in passing on

questions of fact which it is permitted to decide, and the case does not involve issues of fact to be tried by the jury, it has been common practice for the court to dismiss the action if it appears that from no aspect of the case would the plaintiff be entitled to relief.

While that is the precise situation in this case, the practice followed here does not seem to be in accord with the holding of the Supreme Court in *Bynum v. Powe,* 97 N. C., 374, and the case must be sent back for appropriate action in accordance with this opinion at term time. To that extent the judgment is modified, but with respect to the dissolution of the restraining order and the refusal to continue the same it is affirmed.

Modified and affirmed.