Civil action to enjoin defendant from executing plan for regional housing project under Housing Authorities Law.
Plaintiff, residing, and engaged in farming operation within the area of the Eastern Carolina Regional Housing Authority, and a taxpayer of Jones County, brings this action for and on behalf of himself and other taxpayers similarly situated.
Plaintiff in his complaint alleges substantially these facts:
1. That on 15 April, 1941, pursuant to and in compliance and conformity with the provisions and procedure prescribed in the Housing *Page 335 
Authorities Law of North Carolina, chapter 456, Public Laws 1935, as amended by chapter 2 of Public Laws, Extra Session 1938, as amended by chapter 150, Public Laws 1939, as amended by chapter 78, Public Laws 1941, defendant Eastern Carolina Regional Housing Authority was organized and has received from the Secretary of State a certificate of incorporation as a regional housing authority comprising the areas of Bladen, Carteret, Craven, Duplin, Harnett, Jones, Johnston, Onslow, Pamlico, Pender, and Sampson Counties in the State of North Carolina.
2. That under a series of agreements which defendant has made with the United States Housing Authority, with the said counties and with certain farm owners, defendant purposes to erect within the area of said counties not more than 275 rural dwelling units, the cost of which is to be financed from proceeds of sale of serial coupon bonds of, and to be issued by defendant under authority of the said Housing Authorities Law, in principal amount not exceeding $605,000, bearing interest at rate of 3 per cent per annum and maturing within 60 years from date, 90 per cent of such bonds but not exceeding 90 per cent of the actual cost of development of the project, to be purchased by the United States Housing Authority, and the remaining 10 per cent sold to the public, and all to be liquidated through specified annual contributions of the United States Housing Authority and by rents and profits, for which purpose same are pledged.
3. That defendant purposes to accept or has accepted at nominal consideration deeds from owners of farm property, each for approximately one acre on which to erect a dwelling for occupancy by eligible farmers of low income, as defined and specified in said law, at small rental so long as owned by defendant or successor housing authority; that the grantor in such deeds retains option to repurchase at fair value the acre conveyed and the house erected thereon, and covenants to lease to the occupant sufficient land to permit operation of a farm, and agrees to destroy one insanitary dwelling on his farm or to use it for non-dwelling purposes.
4. That as an inducement to obtain annual contributions from the United States Housing Authority, defendant has represented to it that the properties acquired and to be acquired from proceeds of the sale of the bonds as hereinabove set forth are under the Constitution and laws of the State of North Carolina entitled to full tax exemption.
5. "That these proposed acts of the defendant are and will be illegal and invalid because:
"1. This proposed scheme of building houses in rural communities is in reality for the private purposes of certain landowners and tenants, in violation of the aforesaid Housing Authorities Law, as amended, and if authorized by that law, is in violation of the Constitution of the State, in that public moneys are being expended for private purposes; *Page 336 
"2. This property is not exempt from taxes within the meaning of Article V, section 5, of the Constitution, or as municipal property; and that the defendant Housing Authority is not a municipal corporation within the meaning of said Constitutional provisions;
"3. Certain low income families are given priority in the occupancy of these houses over other low income families, because they happen to be tenants of the farmers who are entering into agreements with the Housing Authority attached hereto, in violation of the Housing Authorities Law, being Chapter 456 of the Public Laws of 1935, as amended, and illegally and unlawfully discriminates in favor of these tenants, in violation of the State and Federal Constitutions;
"4. The demolition of the substandard houses by a farmer or local housing authority is not a clearance of slums within the meaning of the Housing Authorities Law of 1935, as amended.
"5. That the creation of said Housing Authority is illegal and invalid for the reason that no public hearing was held by the Board of Commissioners of any of the said Counties on the need and necessity for the creation of such Housing Authority and that this plaintiff and other taxpayers similarly situate had no opportunity to be heard upon the question of the need for the creation of said Housing Authority or upon the question as to whether housing conditions in said counties were such as to warrant the creation of said Authority, and that this unlawful action deprives this plaintiff and other taxpayers of their property rights without due process of law and is contrary to the State and Federal Constitutions."
6. That unless enjoined defendant will by engaging in this housing project cause irreparable damage to plaintiff and other taxpayers similarly situated in that the value of their property will decrease and their tax burdens increase.
Defendant demurs to the complaint for that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action.
Upon hearing of demurrer, the court below, being of opinion that same should be sustained, enters judgment in which it is recited that "Upon the complaint and exhibits attached thereto, the demurrer and admissions of counsel in open court, the court finds the following facts." The facts found are substantially those alleged in the complaint except in this respect: While there is no allegation to that effect, the court finds that the "counties comprising the local authority are contiguous and have a population in excess of 60,000."
Then the court, after reviewing the statutes constituting the Housing Authorities Law above referred to, and former decisions of this Court,Wells v. Housing Authority of City of Wilmington, 213 N.C. 744, *Page 337 197 S.E. 693, and Cox v. City of Kinston, 217 N.C. 391, 8 S.E.2d 252, assigns as conclusion of law: (1) That the Eastern Carolina Regional Housing Authority has been duly incorporated as a body corporate and politic and is vested with all the powers conferred by the Housing Authorities Law of North Carolina, ch. 456 of Public Laws of 1935, as amended; (2) that no notice is required to be published in connection with, nor is same essential to the creation and establishment of a regional housing authority, citing Cox v. Kinston, supra, and, further, that the provisions of section 35 of chapter 78 of Public Laws of 1941 to the effect that in any suit, action or proceeding involving the validity or enforcement of, or relating to any contract of the regional housing authority, the regional housing authority, upon proof of the issuance of its certificate of incorporation by the Secretary of State, shall be conclusively deemed to have been established in accordance with the provisions of this act, bar any attack on the procedure. Cox v. Kinston,supra; (3) that while the scheme of rural housing and the program being carried out by the defendant differ in detail from those of an urban housing development, as was the case in Wells v. Housing Authority, supra, and there declared to be a public purpose, the objectives are the same, and that, therefore, the program of the Eastern Carolina Regional Housing Authority as outlined herein is a public purpose in the exercise of an essential governmental function under the police power in the elimination of insanitary dwelling units and the providing of sanitary homes that afford decent living conditions for families of low income, all of which are of public interest and promote the general welfare, citing Wells v.Housing Authority, supra, and Benjamin v. Housing Authority of DarlingtonCounty, 198 S.C. 79, 15 S.E.2d 737; (4) that the provisions of the agreements under which the Authority agrees that it will rent dwelling units only to families of low income and that priority in occupancy of the dwelling units will be given to the landowner or his tenant, sharecropper or farm wage hand, are valid and do not constitute an unlawful discrimination in favor of one class of tenants, noting that, as defined in section 2 (18) of chapter 78, Public Laws 1941, "`Farmers of low income' shall mean persons or families who at the time of their admission to occupancy in a dwelling of the authority: (1) live under unsafe or insanitary housing conditions; (2) derive their principal income from operating or working upon a farm; and (3) had an aggregate average annual net income for the three years preceding their admission that was less than the amount that shall be determined by the authority to be necessary, within its area of operation, to enable them, without financial assistance, to obtain decent, safe and sanitary housing, without overcrowding," and, continuing, the Court cites the Benjamin case, supra, as pertinent to this ruling; and (5) that the Eastern Carolina Regional *Page 338 
Housing Authority is a municipal corporation and is an essential governmental function and public purpose and as such its properties are exempt from taxation, under the provisions of Article V, section 5, of the Constitution of North Carolina. Wells v. Housing Authority, supra.
Upon such conclusions the court sustains the demurrer. Plaintiff appeals to the Supreme Court, and assigns error.
"The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted . . ." Ballinger v. Thomas, 195 N.C. 517,142 S.E. 761; Toler v. French, 213 N.C. 360, 196 S.E. 32; Ins. Co. v.McCraw, 215 N.C. 105, 1 S.E.2d 369; Parks v. Princeton, 217 N.C. 361,8 S.E.2d 217; Merrell v. Stuart, 220 N.C. 326, 17 S.E.2d 458. Hence, considering the sufficiency of a complaint, when tested by demurrer, the inquiry is confined to the allegations contained therein.
In the present case, however, the contiguous location of counties comprised within the authority covered by defendant is, in accordance with well settled principle, a fact of which the court will take judicial notice. Laundry v. Underwood, 220 N.C. 152, 16 S.E.2d 703. Likewise, the census of population of those counties is a matter of which the court will take judicial notice. Clark v. Greenville, ante, 255. Hence, in the light of the allegations of the complaint, those facts may be inferred.
Therefore, when the complaint here is considered, the allegations of facts are insufficient to state a cause of action.
The Housing Authorities Law, as originally enacted, chapter 456, Public Laws 1935, applied only "to cities and towns of the State having a population of more than fifteen thousand inhabitants." This was the limitation in effect when the opinion in the case of Wells v. HousingAuthority, supra, was written.
Later the law was amended to apply to cities and towns of "more than five thousand inhabitants," Public Laws Extra Session 1938, chapter 2, section 14. This was the limitation in effect when the case of Cox v. Kinston,supra, was decided.
Thereafter, the Legislature, Public Laws 1941, chapter 78, amended the original act so as to make it apply alike to "urban and rural areas throughout the State," and provided among other things machinery for the creation and establishment of regional authorities comprising "two or more contiguous counties having an aggregate population of more than *Page 339 
sixty thousand inhabitants," with "the same functions, rights, powers, duties and limitations" within the area of its operation as are "provided for housing authorities created for cities."
In the light of the law, as so amended, the decisions in Wells v. HousingAuthority, supra, and Cox v. Kinston, supra, where the underlying principles relating to the Housing Authorities Law of North Carolina are fully discussed, lend support to the reasons assigned by the court below for its ruling, and are controlling as to questions raised in the instant appeal. Moreover, in the case Benjamin v. Housing Authority, supra, the Supreme Court of South Carolina, in a well considered opinion by Bonham, C.J., upholds a similar law applicable to rural communities. The reasoning and decision there are persuasive here. Further treatment of the subject would be repetitious.
The judgment below is
Affirmed.