AMERICAN AUTOMOBILE INSUR-
ANCE COMPANY

v.

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA, Appellant.

No. 11700.

United States Court of Appeals
Third Circuit.

Argued Jan. 9, 1956.
Decided Jan. 18, 1956.

Michael A. Foley, Philadelphia, Pa., for appellant.

Peter P. Liebert, 3d, Philadelphia, Pa. (John J. McDevitt, 3d, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

In this case Cope, a service engineer of the Sharples Corporation of Philadelphia, was involved in an accident in Louisiana while driving a car hired by himself on the business of his employer. The plaintiff, Sharples' insurance carrier, settled the damage claims arising from the accident and brought the present action against the defendant, Cope's insurance carrier, for a declaration that the defendant was primarily liable to pay the damage claims and for a judgment against the defendant for the amount thus paid by the plaintiff. The district court entered judgment for the plaintiff and the defendant appeals. We have carefully considered the defendant's contentions but find them wholly without merit. The questions involved were fully considered and correctly decided by the district court in the opinion filed by Chief Judge Kirkpatrick. 108 F.Supp. 221. We need add nothing thereto.

The judgment of the district court will be affirmed.

W. C. ROSS, Appellant,

v.

Emory J. HOPPER, Appellee.

No. 15519.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1956.

W. R. Jackson, Jr., Leesville, La., Wood & Jackson, Leesville, La., for appellant.

J. S. Pickett, Many, La., Pickett & Pickett, Many, La., for appellee.

Before BORAH and JONES, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

This case is one for serious personal injuries inflicted first by a blow with a large blackjack, followed by a gunshot wound in the abdomen, provoked by abusive and vulgar language toward appellant in the presence of the latter's wife and others, growing out of an attempt by appellee to purchase a fan belt for an automobile. The incident happened, according to the record, on October 16, 1945, but the case was not tried for approximately nine years. In the argument counsel for appellee was interrogated as to the delay and stated it was due to appellee's circumstances in the service and otherwise, and there is no plea of limitations. The matter was heard by the Court below without a jury and resulted in judgment for appellee in the sum of $10,000—$5,000 for pain and suffering and a similar amount for disability and loss of earnings. Both the issues of fact and the law were fully considered and, we think, correctly decided by the lower Judge in an able opinion reported in Hopper v. Ross, D.C., 123 F. Supp. 371; and the judgment appealed from is therefore

Affirmed.