M. P. CARROLL, EDWARD M. MOODY, AND EDWARD RADFORD, Co-PARTNERS, TRADING AS CENTRE WAREHOUSE NO. 2 v. THE WARRENTON TOBACCO BOARD OF TRADE, INCORPORATED.

(Filed 14 June 1963.)

**1. Injunctions § 13—**

Upon the hearing of an order to show cause the merits are not before the court, and an agreement that the court might enter an order out of term and out of the district refers to an order granting or denying motion for the temporary restraining order and does not empower the court to determine the issues of fact raised by the pleadings, and therefore the court's action in dismissing the action prior to trial on the merits is erroneous.

**2. Injunctions § 1—**

A mandatory injunction is comparable to a writ of *mandamus* and may not ordinarily be issued as a preliminary injunction.

**3. Injunctions § 13—**

A temporary restraining order is an ancillary remedy to preserve the *status quo* pending the hearing on the merits and is properly denied when plaintiff seeks a mandatory injunction to establish a right not theretofore enjoyed or previously exercised.

**4. Appeal and Error § 47—**

The denial of a motion to strike allegations from an adversary party's pleading will not be disturbed when appellant is not prejudiced thereby.

MOORE, J., concurs in result.

APPEAL by plaintiffs from a judgment of *Williams, J.,* filed November 15, 1962. From WARREN.

This action was instituted August 23, 1962, to enjoin defendant permanently from putting into effect against plaintiff the new bylaws and new formula for allocation of selling time purportedly adopted by defendant on July 9, 1962, and from taking from plaintiffs the selling time properly allocable to Centre Warehouse No. 2 under defendant's bylaws in effect on March 15, 1962, and on April 26, 1962, and for a mandatory injunction in plaintiffs' favor requiring defendant to allot to plaintiffs the selling time to which, under defendant's bylaws in effect on March 15, 1962, and April 26, 1962, they were entitled as the seventh warehouse on the Warrenton tobacco market.

An order to show cause was issued August 24, 1962, by his Honor Clawson L. Williams, Judge holding the courts of the Ninth Judicial District for the Fall Term 1962, in which defendant was ordered to appear before Judge Williams in Warrenton on September 6, 1962, and show cause, if any it had, why it should not be restrained and enjoined in accordance with plaintiffs' motion pending the final determination of the action.

For present purposes, a brief summary of the respective contentions will suffice: Plaintiffs contend they are entitled to an allocation of selling time for the 1962 and subsequent seasons in accordance with amendments to defendant's bylaws adopted July 18, 1952, along with the six other warehouses with membership in defendant on July 9, 1962, when the bylaws were again amended. Defendant contends plaintiffs' Centre Warehouse No. 2 is a new warehouse to which the 1962 amendments apply and under which plaintiffs' selling time or number of baskets allotted to them for the 1962 season and subsequent seasons would be substantially less than under the 1952 amendments.

Plaintiffs, as owners and operators of Centre Warehouse No. 1, were members of defendant prior to and on July 18, 1952, and continuously thereafter.

Plaintiffs alleged, *inter alia*, that they, as prospective owners and operators of Centre Warehouse No. 2, were admitted to membership in defendant on March 15, 1962; that selling time for the 1962 season was allotted to Centre Warehouse No. 2 by resolution adopted April 26, 1962, and this allocation was based on the bylaws in effect since 1952; that, in reliance upon the actions taken by defendant on March 15, 1962, and on April 26, 1962, plaintiffs purchased land for $9,000.00 and constructed a warehouse thereon at a cost of $61,000.00; and that on July 9, 1962, plaintiffs had almost completed construction of Centre Warehouse No. 2 and had incurred expenses of at least $60,000.00 in connection therewith.

Defendant, by answer, denied allegations on which plaintiffs base their cause of action, including the allegations summarized in the preceding paragraph.

At the hearing before Judge Williams on September 6, 1962, plaintiffs offered in evidence the verified complaint and two affidavits and defendant offered in evidence its verified answer. No order was signed at the conclusion of said hearing. It was agreed that Judge Williams might take the matter under advisement and sign his order "either in or out of term and either in or out of the District."

Pending Judge Williams' ruling on plaintiffs' said motion, plaintiffs filed on September 26, 1962, a motion in which, in fifteen separate paragraphs, they moved to strike all or portions of designated paragraphs of the answer and "(a)ll of defendant's purported Further Answer and Defense." This motion was heard by Judge Williams at Oxford, N. C., on October 8, 1962, and by Judge Williams' order dated October 11, 1962, was "denied in its entirety." Plaintiffs excepted.

There were no hearings except those referred to above, namely, the hearing September 6, 1962, on return of said order to show cause, and the hearing October 8, 1962, on said motion to strike.

On November 15, 1962, Judge Williams filed with the Clerk of Superior Court of Warren County a judgment, entitled an "Order," which recites that the matter was being heard "upon the motion or order to show cause why a restraining order should not be issued as prayed for in the complaint." In said judgment, the court stated findings of fact and conclusions of law. Conclusion of Law (e) is in these words: "That all matters in controversy having been resolved and all material facts at issue between the parties having been determined by the Court, and there being no further issue for litigation, that defendant's motion to dismiss this action should be allowed." Thereupon, the court entered judgment as follows:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"1. That plaintiffs' action be, and the same is hereby dismissed.

"2. That the injunctive relief hereby sought by the plaintiffs is denied.

"3. And that plaintiffs pay the costs of this action to be taxed by the Clerk."

Plaintiffs excepted (a) to designated findings of fact, (b) to each and all of the conclusions of law, and (c) to the judgment, and appealed.

*Zollicoffer & Zollicoffer and Maupin, Broughton, Taylor & Ellis for plaintiff appellants.*

*John H. Kerr, Jr., and Blackburn & Blackburn for defendant appellee.*

BOBBITT, J. The only question for decision by Judge Williams at the hearing on September 6, 1962, was whether defendant should be restrained and enjoined pending the final determination of the action. Findings of fact made by the court at such hearing are not binding on the parties or even proper matters for consideration by the court or jury at the trial on the merits. *Huskins v. Hospital,* 238 N.C. 357, 362, 78 S.E. 2d 116.

There was no waiver of jury trial. There was no demurrer to the complaint. There was no motion to dismiss other than the formal prayer in defendant's answer. Obviously, the agreement that the order might be signed "either in or out of term and either in or out of the District" referred to an order granting or denying plaintiffs' motion for an order restraining and enjoining defendant pending the final determination of the action.

It appears from Conclusion of Law (e), quoted in our preliminary statement, that Judge Williams based his judgment, in which the action was dismissed and plaintiffs were taxed with the costs, on findings of fact made by him.

No term of court was held in Warren County between the one week Criminal Term beginning September 3, 1962, and November 15, 1962, the date the judgment was filed with the clerk. The judgment was not signed and entered in term. In *Mosteller v. R.R.,* 220 N.C. 275, 281, 17 S.E. 2d 133, this statement appears: "It was proper to dismiss or dissolve the restraining order, but the dismissal of the action upon the hearing of the order to show cause is not approved by decisions relating to the present practice. *Cox v. Kinston,* 217 N.C. 391, 399, 8 S.E. 2d 252, 258; *Bynum v. Powe,* 97 N.C. 374, 2 S.E. 170. Motions of that kind should be heard at term." See *Moore v. Monument Co.,* 166 N.C. 211, 81 S.E. 170; *Carbide Corp. v. Davis,* 253 N.C. 324, 116 S.E. 2d 792. *Teer v. Jordan,* 232 N.C. 48, 59 S.E. 2d 359, cited by defendant, is distinguishable on the ground, among others, that the judgment was entered in term.

Under the circumstances, the judgment, being erroneous and irregular, is vacated; and the cause is remanded for trial.

Even so, without reference to the findings of fact made by Judge Williams, we are of opinion, and so hold, that plaintiffs were not entitled, pending the final determination of the action, to the restraining

order they seek. Whatever the merits of plaintiffs' cause, Centre Warehouse No. 2 was a new warehouse; and, prior to the 1962 season, no sales had been conducted therein and no selling time had been allocated thereto. Thus, plaintiffs are not seeking to preserve the status quo. They are asserting rights they have not previously exercised. Although plaintiffs' prayer for relief, in part, is phrased in terms of restraining defendant, the relief plaintiffs seek pending the final determination of the action as well as upon its ultimate determination is a mandatory injunction requiring defendant to allocate selling time to Centre Warehouse No. 2 in accordance with plaintiffs' contention.

A mandatory injunction is comparable in its nature and function to a writ of mandamus. *Hospital v. Wilmington,* 235 N.C. 597, 601, 70 S.E. 2d 833.

A temporary restraining order is an ancillary remedy for the purpose of preserving the status quo or restoring a status wrongfully disturbed pending the final determination of the action. *R.R. v. R.R.,* 237 N.C. 88, 94, 74 S.E. 2d 430, and cases cited. "As a rule such an order will not be made as a preliminary injunction, except where the injury is immediate, pressing, irreparable, and clearly established, or the party has done a particular act in order to evade an injunction which he knew had been or would be issued." McIntosh, North Carolina Practice and Procedure, § 851; *Board of Trade v. Tobacco Co.,* 235 N.C. 737, 740, 71 S.E. 2d 21; *Ingle v. Stubbins,* 240 N.C. 382, 390, 82 S.E. 2d 388, and cases cited.

If and when plaintiffs' legal rights are established in accordance with their contention by final judgment a mandatory injunction would be an appropriate remedy in the nature of execution to compel compliance with such judgment. McIntosh, *op. cit.,* § 851.

In the light of these legal principles, plaintiffs are not entitled, pending the final determination of their legal rights, to a writ requiring defendant to allocate to Centre Warehouse No. 2 the selling time for which plaintiffs contend. In this connection, it is noted that the 1962 season had passed before November 15, 1962, the date said judgment was filed. The time is at hand for trial on the merits.

We have not overlooked plaintiffs' general exception to the order in which plaintiffs' motion to strike was denied in its entirety. In this connection, it is noted that plaintiffs' exception is broadside and ineffectual. Too, the discussion in plaintiffs' brief is general and is not directed specifically to any of the numerous portions of the answer referred to in plaintiffs' motion. Independent of these considerations,

we do not perceive plaintiffs have been prejudiced by said order. Hence, Judge Williams order of October 11, 1962, denying plaintiffs' said motion to strike, will not be disturbed.

As stated above, the judgment filed November 15, 1962, is vacated and the cause is remanded for trial.

Error and remanded.

MOORE, J. concurs in result.