**Joe T. ROBERTS and wife, Nellie C. Roberts,**

v.

**FUQUAY–VARINA TOBACCO BOARD OF TRADE, INC., et al.**

Civ. No. 1442.

United States District Court
E. D. North Carolina,
Raleigh Division.
Sept. 25, 1963.

ant, Fuquay-Varina Tobacco Board of Trade, Incorporated. The plaintiffs claim that these amended By-Laws are unreasonable and contrary to the provisions of the Sherman Anti-Trust Act, 15 U.S.C. § 1 et seq., and the Clayton Act, 15 U.S.C. § 12 et seq. The suit was commenced in the Superior Court of North Carolina, Wake County, and on motion of the defendants was removed to the United States District Court for the Eastern District of North Carolina, Raleigh Division. The plaintiffs prayed that the defendants be permanently enjoined from attempting to enforce the amended portion of the By-Laws heretofore mentioned, and that they be further permanently directed to allot selling time for the year 1963 in accordance with the By-Laws as they existed for the year 1962. An Order to Show Cause was issued by the Honorable Algernon L. Butler, Chief Judge of the United States District Court for the Eastern District of North Carolina, on July 26, 1963, returnable before this Court at the Carteret County Courthouse at Beaufort, North Carolina, on the 7th day of August, 1963, at 10:30 o'clock A.M. After this hearing at which the plaintiffs and defendants offered affidavits, including the Complaint and Answer, and defendants offered oral testimony, this Court, on August 29, 1963, vacated the Show Cause Order and denied the relief prayed for. At the above hearing the plaintiffs made an oral Motion for Judgment on the Pleadings, which is based on Rule 12(c) of the Federal Rules of Civil Procedure. Pursuant to instructions of this Court the plaintiffs made this motion in writing on August 16, 1963. Since the conclusion of the above hearing both plaintiffs and defendants have submitted briefs in support of, and opposition to, respectively, the Motion for Judgment on the Pleadings. This motion is presently before this Court.

Lake, Boyce & Lake, Raleigh, N. C., Wilson & Bain, Lillington, N. C., for plaintiffs.

Battle, Winslow, Merrell, Scott & Wiley, Rocky Mount, N. C., Thomas A. Banks, Raleigh, N. C., Gholson & Gholson, Henderson, N. C., for defendants.

LARKINS, District Judge.

## SUMMARY

The above-entitled action was brought against the defendants based upon an alleged illegal restraint of trade imposed by the amended By-Laws of the defend-

## FINDINGS OF FACT

The Findings of Fact included in the Opinion and Order of this Court, which is dated August 29, 1963, in response to the Motion for Injunction is hereby in-

corporated by reference. These essential facts are not in dispute. (See 220 F. Supp. 608, D.C.N.C.1963).

### CONCLUSIONS OF LAW

Rule 12(c) of the Federal Rules of Civil Procedure states the following:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The parties in this action have submitted their pleadings, affidavits, oral testimony, and briefs, much of which was outside the pleadings and none of which was excluded by this Court. Thus this Court, in accordance with the mandate of Rule 12(c), shall treat this motion for judgment on the pleadings as one for summary judgment. National Surety Corp. v. First Nat. Bank in Indiana, et al., 106 F.Supp. 302 (D.C.Pa.1952).

■ A motion for summary judgment is a far-reaching progressive reform in judicial procedure. "It creates an excellent device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved." 3 Barron and Holtzoff, Federal Practice and Procedure, Sec. 1231, at 96. It is a motion which may be made by any party to a civil action in which there is no genuine issue of a material fact and upon which the moving party is entitled to prevail as a matter of law. 6 Moore, Federal Practice, Section 56.01, at 2009.

■ The question thus presented is whether there is any *material* issue of fact remaining to be decided. If there is none then the Court will dispose of the case in favor of the party who is entitled

thereto without the necessity of a trial. "In many cases there is no genuine issue of fact, although such an issue is raised by the formal pleadings. The purpose of Rule 56 is to eliminate a trial in such cases since a trial is unnecessary and results in delay and expense which may operate to defeat in whole or in part the recovery of a just claim or the expeditious termination of an action because of a meritorious defense that is factually indisputable." 6 Moore, Federal Practice, Section 56.04, page 2028.

In the instant case the complaint, answer, reply, affidavits, oral testimony, and briefs have been considered by the Court. The plaintiffs in their Motion for Judgment on the Pleadings, which motion is being treated as one for summary judgment, have asserted that there is no material issue of fact which remains to be decided and which would necessitate a trial on the merits of this case. With this the Court will agree. The defendants also agree. The only disagreement the parties have is as to the legal effect (reasonableness) of the restriction imposed by the new regulations as adopted by the Board of Trade of Fuquay-Varina in March of 1963.

■■ The question of the reasonableness of the defendants' action and whether it is unlawful restraint of trade is not a question of fact but is one of law for the Court. 53 Am.Jur. Trial Sec. 198 (1943); 36 Am.Jur. Monopolies, Combination, etc. Sec. 51 (1941). Thus the Court, since there is no material issue of fact remaining for decision, will dispose of this case on the merits. In doing so it reaffirms its decision rendered in its OPINION and ORDER, dated August 29, 1963, in which it denied the plaintiffs' motion for permanent injunction and for a permanent direction to allot selling time in accordance with the 1962 regulations, and held that these new regulations do not constitute unlawful restraint of trade. Gray v. Central Warehouse Company, 181 N.C. 166, 106 S.E. 657 (1929); Kinston Tobacco Board of Trade v. Liggett & Myers Tobacco Company, et al., 235 N.C. 737, 71 S.E.2d 21 (1955);

American Federation of Tobacco Growers v. Neal, 4 Cir., 183 F.2d 869 (1950); Robertson, et al. v. Henderson Tobacco Board of Trade, et al., United States District Court for the Eastern District of North Carolina, Raleigh Division, No. 342, Decision by District Judge, Don Gilliam, May 14, 1949; Asheville Tobacco Board of Trade, Inc. v. Federal Trade Commission, 263 F.2d 502 (4th Cir., 1959); Asheville Tobacco Board of Trade, Inc. v. Federal Trade Commission, 294 F.2d 619 (4th Cir., 1961); Danville Tobacco Association v. Bryant-Buckner Associates, Inc., et al., Civil Action No. 518, United States District Court for the Western District of Virginia. Admittedly, these new regulations are in restraint of competition and trade for a new entrant upon the market at Fuquay-Varina, but not to such an extent as would be considered unreasonable and unlawful.

 This Motion for Judgment on the Pleadings comes from the plaintiffs. The defendants have not moved for Summary Judgment. However, after considering all matters before the Court, within and without the pleadings including briefs, the Court is convinced that the plaintiffs cannot prevail and that the defendants' action was reasonable. Had defendants made the motion before the Court it is clear that they would be entitled to summary judgment. In view of this the sensible and practical thing to do is to deny the plaintiffs' Motion for Judgment on the Pleadings and to enter a Summary Judgment in favor of the defendants. This is the last button on Gabe's coat. However, it is in accord with the practice approved in American Auto Ins. Co. v. Indemnity Ins. Co., 108 F.Supp. 221 (D.C. Pa.1950), affirmed 228 F.2d 622 (3rd Cir., 1956), which quoted from Northland Greyhound Lines, Inc., v. Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees of America, Division 1150, 66 F.Supp. 431 (D.C.Minn. 1946), as follows:

" 'While it may be the better practice to file a cross-motion I do not think that Rule 50(c) prescribes the court's power to enter judgment be-

cause of the mechanical failure of one of the parties to file a motion. This view finds support in 3 Moore's Federal Practice, Sec. 56.02 page 3183'."

This practice was also recently followed in United States v. Cless, 150 F.Supp. 687 (D.C.Pa.1957), and Local 33, International Hod Carriers, etc. v. Mason Tenders, etc., 291 F.2d 496 (2nd Cir., 1961).

Therefore, it is Ordered that the motion of the plaintiffs for Judgment on the Pleadings, which was treated as one for Summary Judgment, in this action be, and the same is hereby denied. Summary Judgment is hereby entered for the defendants.

The Clerk is directed to serve a copy of this Opinion and Order upon all counsel of record.