### AMERICAN AUTO. INS. CO. v. INDEMNITY INS. CO. OF NORTH AMERICA.

#### Civ. A. No. 13354.

United States District Court
E. D. Pennsylvania.

Nov. 3, 1952.

John J. McDevitt, 3rd, Philadelphia, Pa., for plaintiff.

Michael A. Foley, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is an action for a declaratory judgment. The plaintiff, American Automobile Insurance Company, which had issued a liability insurance policy to Sharples Corporation paid a loss arising out of an accident in which Cope, an employee of Sharples, while driving an automobile in the course of his employment caused personal injuries and property damage. Cope had a liability insurance policy with the defendant, Indemnity Insurance Company. The plaintiff is asking the Court, in this action, to declare that the defendant is liable to pay to the plaintiff the money which the plaintiff paid in partial settlement of the damage claims, as well as such other damages as may be recovered against either Sharples or Cope as a result of the accident.

Since the plaintiff has no contractual relations with the defendant, whatever rights it may have can only arise by way of subrogation under a clause in its policy to Sharples, by which it is subrogated, "all the insured's rights to recovery * * * against any person or organization." The first question, therefore, is, What right of Sharples' is the plaintiff asesrting?

■ The personal injury and damage claims arising out of the accident were asserted by the injured parties against both Sharples and Cope. However, the policy which the plaintiff issued to Sharples did not insure Cope. It provided only that the word "insured" included the named insured and also "any person while using an owned automobile or a hired automobile." Unquestionably, "hired automobile" means, in this connection, an automobile hired by the named insured, Sharples. The fact is, as alleged in the complaint, that the automobile involved in the accident was hired by Cope in his own name. Without qualification (and there is none) this must be taken to mean that he hired it on his own responsibility and not for or in behalf of his employer. Consequently, had the claim been made against Cope alone, the plaintiff would have been under no obligation to pay it and it follows that its settlement of the claim was in discharge of its policy obligation to Sharples to pay claims which Sharples was legally obligated to pay.

■ Since it had not insured Cope, the only right which the plaintiff can assert against Cope or against the defendant as Cope's insurer under its subrogation clause is the common law liability to Sharples of Cope, its agent, whose wrongful act subjected his principal to the liability for the loss which resulted therefrom. See Restatement, Agency, Sec. 401(c). The undisputed allegation of the complaint is "As employer of the said J. Morris Cope, The Sharples Corporation is, under Louisiana law, responsible for the personal injuries and property damage caused by J. Morris Cope in the operation of the automobile rented by him from U-Drive-It Car Co., Inc." and it follows that Cope is personally liable to the plaintiff for the amounts which it has paid or may be compelled to pay.

This action, however, is not against Cope but against Cope's insurer. The next question therefore is, Does the defendant's policy to Cope cover such liability?

■ The insuring clause of the defendant's policy to Cope is broad enough to cover it. It is "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * caused by accident and arising out of the * * * use of the automobile." "The automobile", by Section V of the Insuring Agreements of the policy, includes "any other automobile" not hired or owned by some other person or organization legally responsible for its use. The automobile involved in the accident was not owned or hired by Sharples, which was the organization responsible for its use. Thus Cope is covered as against Sharples' claim, which the plaintiff is here asserting, unless excluded by the "Other Insurance" clause of his policy, Paragraph 15 of the conditions. That clause provides that "If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy" for more than a proportional share of liability, but with the added proviso that "with respect to * * * other automobiles under Insuring Agreement V (that is,

automobiles not owned by the insured) shall be excess insurance over any other valid and collectible insurance available to the insured."

None of this is applicable to Sharples' claim against Cope because, as has been seen, as to that, the policy which the plaintiff issued to Sharples does not cover Cope and, so far as appears, Cope has no other insurance which would bring the "Other Insurance" clause of the defendant's policy into play. It may be true that Sharples comes within the definition of the insured in Cope's policy but that fact has no bearing upon the question presented in this action.

The result is that the insurance company which insured the driver who did the damage pays for it—a result which certainly involves no unfairness or injustice.

 This motion for summary judgment comes from the defendant. The plaintiff has not moved for summary judgment. In the defendant's motion, however, it is asserted that there is no genuine issue as to any material fact and I agree that there is none. In view of the Court's finding that on the undisputed record the defendant is liable to the plaintiff, the sensible and practical thing to do is to enter a summary judgment in favor of the plaintiff. This is in accord with the practice approved in Northland Greyhound Lines, Inc., v. Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees of America, Division 1150, D.C., 66 F.Supp. 431, 433, where the Court said, "where the case is properly disposable by summary judgment the court should enter whatever judgment is proper in the circumstances. This should be particularly true where the relief asked is a declaration of the rights of the parties to a contract under the Declaratory Judgment statute. While it may be the better practice to file a cross-motion I do not think that Rule 56(c) proscribes the court's power to enter judgment because of the mechanical failure of one of the parties to file a motion. This view finds support in 3 Moore's Federal Practice, Sec. 56.02 page 3183".

Judgment may be entered for the plaintiff.