The BOEING COMPANY, a Delaware Corporation, Morton, Pennsylvania

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW, AFL-CIO), Philadelphia, Pennsylvania,

Local 1069, International Union, United Automobile Aerospace and Agricultural Implement Workers of America (UAW, AFL-CIO), Morton, Pennsylvania, and American Arbitration Association, a New York Corporation, Philadelphia, Pennsylvania.

Civ. A. No. 34876.

United States District Court
E. D. Pennsylvania.

Sept. 16, 1964.

Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff.

Edward Davis, Alan R. Howe, Philadelphia, Pa., for defendants.

GRIM, District Judge.

This is an action by an employer under Section 301(a) of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185(a), for a declaratory judgment that under the terms of the collective bargaining agreement with defendant unions, it was not obligated to arbitrate a dispute arising out of the employer's decision to locate certain plastic production work at its plant in Wichita, Kansas, rather than at its plant in Morton, Pennsylvania.[1]

Defendant Unions have filed a counterclaim seeking to compel the employer to arbitrate this dispute. The case is presently before the court on the defendant Unions' motion for summary judgment.

During the course of collective bargaining negotiations for a new labor contract in 1963, the Company and Unions entered into a collateral agreement pertaining to certain "management prerogatives". The agreement provided:

"In connection with the collective Bargaining Agreement * * * between the Company and the Union, it is agreed that under and included within the meaning of the 'Management Prerogatives' Article of that Agreement, the Company has the right to subcontract and designate the work to be performed by the Company and the places where it is to be performed, which right shall not be subject to arbitration.

"The Company will not subcontract any maintenance work now performed by members of the bargaining unit if such action would result in layoff of any maintenance employees who are qualified to do such work or if such action would prevent the recall from layoff of any maintenance employees who are qualified to do such work, unless the Company does not have the equipment to perform such work or unless conditions require its immediate performance. Any claim by the Union that the Company has violated the limitations upon its right to subcontract maintenance work contained in this paragraph shall be subject to the grievance and arbitration provisions of Article V–A and VI of the Agreement * * *."

1. Plaintiff Company has five principal manufacturing divisions located at Seattle, Washington, Wichita, Kansas, New Orleans, Louisiana, Cape Kennedy, Florida and Morton, Pennsylvania.

The Unions argue that the right to subcontract production work by management was placed in the agreement in recognition of the fact that in the performance of government contracts, where Boeing was the prime contractor, approximately twenty-five per cent of the work would have to be subcontracted to other companies. However, the Union insists that it was never the intention of the parties to grant management the right to "transfer" production work traditionally done by Vertol Division workers to other divisions of the Company.

The Company denies that the collateral agreement on Management Prerogatives makes any distinction between the right of the Company to "transfer" or "subcontract" production work, both of which rights it is asserted are not subject to arbitration under the language of the agreement. The Company contends that the agreement calls for arbitration only of disputes over subcontracting of maintenance work. Since it is agreed that the dispute in this case arose over the decision to locate production work outside the bargaining jurisdiction of the defendant Unions, the Company contends that under the Agreement, the dispute is not arbitrable.

■ It is the responsibility of the court to determine whether a company is bound to arbitrate as well as what issues it must arbitrate, and the determination of this issue of "arbitrability" must be made by the court on the basis of the collective bargaining agreement entered into by the parties. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 11 L. Ed.2d 898 (1964).[2]

■ Likewise it is clear that the parties can in their collective bargaining agreement specifically exclude certain issues from arbitration. Atkinson v. Sinclair Refining Co., supra; United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 584, 80 S. Ct. 1347, 4 L.Ed.2d 1409 (1960); see concurring opinion of Mr. Justice Brennan in United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403 (1960).

Article V–A of the collective bargaining agreement sets up a four-step process of meetings between union and company representatives at different levels of authority to resolve grievances that might arise. A grievance is defined in this Article as "a difference between the Company and any Employee concerning working conditions, or the interpretation or application of any provision of this Agreement."

Article VI of the Agreement entitled "Arbitration" provides:

"Section 1. The only grievance which may be submitted to arbitration is a grievance involving the interpretation or application of the provision of this agreement which has been processed through Step 4 of the grievance procedure.

\*   \*   \*   \*   \*   \*

"Section 4. \* \* \* The arbitrator \* \* \* shall have no authority \* \* \* to rule upon \* \* \* management prerogatives.

\*   \*   \*   \*   \*   \*

"Section 7. The grievance procedure provided under Article V–A as supplemented by this Article shall be the exclusive remedy for the disposition of any claim, dispute or

2. The argument of the Unions that the issue of arbitrability is for the arbitrator to determine is without merit on the facts of this case. Of course the parties could have provided in the agreement that "any dispute as to whether a particular claim is within the arbitration clause is itself for the arbitrator," to decide. See concurring opinion of Mr. Justice Brennan in

United Steelworkers of America v. American Mfg. Co., supra, and footnote 7 in United Steelworkers of America v. Warrior & Gulf Nav. Co., supra, 363 U.S. at 583, 80 S.Ct. 1347. However, there is no such provision in the collective bargaining agreement or collateral agreement on Management Prerogatives before this court.

grievance of any kind of an employee against the Company."

Examining these provisions of the contract between the parties, it is clear that the present dispute between the parties involves a "difference concerning * * * the interpretation or application" of the provisions of the collateral agreement on "Management Prerogatives", and as such would be arbitrable under the terms of the collective bargaining agreement and prevailing law unless specifically excluded by the parties.

■ However, the contract does contain a specific exclusion. The contract provides that as a management prerogative "the Company has the right to subcontract and designate the work to be performed by the Company and the places where it is to be performed, which right shall not be subject to arbitration." Obviously this exclusion clause refers to two things, the right to subcontract work to other companies and the right to determine which of its divisions shall handle particular work. The right to subcontract work to other corporations is one thing while the right to designate and determine what work the Company shall do by itself and where, in view of all the divisions in which it might best do this work, is clearly another thing. Both these things clearly were stated in the agreement to be management prerogatives, not subject to arbitration. Moreover, the arbitration article of the agreement itself provides that the "arbitrator * * * shall have no authority * * * to rule upon * * * management prerogatives."

■ Although the Supreme Court has counseled us to resolve doubts as to arbitrability in the face of a vague exclusion clause in favor of arbitration,[3] it has likewise clearly stated that arbitration cannot be ordered where the parties have specifically excluded it. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S. Ct. 1318 (1962). This is such a case. On the undisputed facts in this record it cannot be held that the Company has bound itself to arbitrate this dispute over the location of production work.

■ Accordingly, summary judgment in favor of the Company will be entered. The fact that the Company has not seen fit to file a cross-motion for summary judgment does not preclude this court from entering such judgment on its own motion. American Auto Ins. Co. v. Indemnity Ins. Co., 108 F.Supp. 221 (E.D. Pa.1952) aff'd 228 F.2d 622 (3d Cir. 1956); Local 33, Int'l Hod Carriers Building and Common Laborers' Union v. Mason Tenders District Council, 291 F. 2d 496, 505 (2d Cir. 1961).

### ORDER

And now, this 16th day of September, 1964, the motion of the defendants, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW, AFL–CIO) and Local 1069, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW, AFL–CIO), for summary judgment is denied.

It is further ordered that summary judgment be entered in favor of the plaintiff, Boeing Company, declaring that the dispute over location of certain production work sought to be arbitrated by the defendants is not arbitrable under the provisions of the collective bargaining agreement between the parties.

3. United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, at 582, 584–585, 80 S.Ct. 1347, at 1353–1354 (1960), wherein the Court said:

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

\* \* \* \* \*

"In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad."