Harry FERTICK and Glens Falls Insurance Company, Plaintiffs-Appellants,

v.

CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.

No. 16123.

United States Court of Appeals
Sixth Circuit.

Oct. 8, 1965.

------

Wirt Courtney, Nashville, Tenn., for appellants, Goodpasture, Carpenter, Woods & Courtney, Wm. F. Carpenter, Nashville, Tenn., on the brief.

Ray H. Moseley, Chattanooga, Tenn., for appellee, Noone, Moseley & Bell, Chattanooga, Tenn., of counsel.

Before WEICK, Chief Judge, and CECIL* and PHILLIPS, Circuit Judges.

WEICK, Chief Judge.

This appeal is from an order of the District Court granting defendant's motion for summary judgment and dismissing the complaint.

The action by Fertick and Glens Falls was to recover $22,500 against Continental, which amount was one-half of the sum paid by Glens Falls in settlement of a wrongful death claim against its insured, Fertick, arising out of, a collision between two automobiles near Murfreesboro, Tennessee. The suit was brought for contribution under the subrogation clause contained in the Glens Falls policy, it being claimed that Fertick was also insured under Continental's policy.

The sole issue in the case was whether Continental's policy provided coverage for Fertick. The District Court held that it did not. We agree with that conclusion.

Fertick was driving an automobile belonging to Packing House By-Products Co., a corporation, from Fort Lauderdale, Florida to Glencoe, Illinois. The collision occurred near Murfreesboro, Tennessee, enroute to the final destination. There was no question but that the Glens Falls policy issued to Packing House, as the named insured, covered Fertick as an insured, since he was driving the car with permission.

The automobile had been driven to Florida previously by Packing House's President, Nick Beucher, Jr. Beucher decided to return home by plane. He made arrangements with Bess, Inc. Auto Livery of Florida to procure a driver to drive the automobile to his home in Glencoe, Illinois. Bess, Inc. secured Fertick as the driver. For this service Beucher paid Bess seventy-five dollars. Bess distributed thirty-five dollars of this sum to Fertick for gas and oil and retained the balance of forty dollars for its compensation. Fertick had the right to transport in the automobile a reasonable amount of baggage and not more than five passengers.

A written agreement between Beucher and Fertick on a printed form provided by Bess, was received in evidence. It bears the signatures of both parties. They testified when their depositions were taken that they signed the agreement although this testimony appears to be somewhat in conflict with conclusions contained in their previous affidavits filed in the case.

Continental was the insurer of Bess. Coverage of Fertick was claimed under two clauses of Continental's policy relating to "hired automobile" and "rentee of an automobile". We will discuss each of these clauses.

The policy defined insured as covering any person using a hired automobile. "Hired automobile" is defined in the policy as "an automobile used under contract in behalf of, or loaned to, the named insured."

* Honorable Lester L. Cecil became Senior Circuit Judge on August 1, 1965 and has since been sitting on the Court by assignment.

There is a further limitation under the heading of "driverless cars" which reads as follows:

"The insurance with respect to any hired automobile applies to the owner of the automobile and any employee of such owner, as insured, but only while such automobile is used in the business of the named insured."

■ It would require considerable stretching of the facts to hold that because Bess received forty dollars for its services in bringing the parties together, Fertick was driving the car in its behalf. The written agreement was between Beucher and Fertick. Bess was not a party to it. The agreement created a bailment of the car; Beucher was bailor and Fertick was bailee. Even if the written agreement were completely disregarded, the facts still indicate only a bailment.

Fertick did not hire the automobile. He received temporary possession of it only for the purpose of driving it from Florida to Illinois. His compensation for driving the car was his own transportation. When Bess brought the two parties together and the agreement was entered into, whether written or verbal, Bess no longer had any interest in the matter. In driving the car Fertick was not acting as agent for Bess.

Although there is authority construing the term "hired automobile" as used in automobile liability insurance policies, no case could be found involving the same or similar facts as the present case. However, the existing authority is helpful. There is a line of cases involving independent contractors which arise in typical fashion. A contractor is hired by the insured of the policy in question to haul goods. The contractor in turn either hires another to drive his truck or hires both the truck and the driver. An accident occurs involving the truck while hauling the goods and the insurance company insuring the truck is held liable and attempts to hold the insurer covering the insured who hired the contractor.

Courts have consistently denied coverage under a "hired automobile" clause on these facts. They reason that the truck was not hired by the insured and was not being used at the time of the accident by an employee of the insured in its business or in its behalf, but rather that it was being used in behalf of the contractor. American Cas. Co. v. Denmark Foods, Inc., 224 F.2d 461 (4th Cir., 1955); Johnson v. Royal Indem. Co., 206 F.2d 561 (5th Cir., 1953); Kelly v. Phoenix Assur. Co., 225 F.Supp. 562 (D.Md. 1964).

As stated in 12 Couch, Insurance 2d § 45.264, these cases require that "to constitute a hired automobile there must be a *separate contract* of hiring or renting the automobile * * *" (Emphasis added.) In the present case the record shows that the only agreement was one of bailment between Beucher and Fertick, and that the insured Bess was not a party to it; rather, at best, it was an agent to bring the parties together.

The term "hired automobile" has been further defined by the courts to mean "vehicles rented, possessed and controlled by the insured," Public Service Mut. Ins. Co. v. White, 4 N.J.Super. 523, 524, 68 A.2d 278, 279 (1949); and "an automobile hired by the named insured," American Auto. Ins. Co. v. Indemnity Ins. Co., 108 F.Supp. 221, 223 (E.D.Pa.1952). In the present case Bess in no sense rented, possessed, or controlled the car. Nor did it hire the car; the car was not under agreement in behalf of Bess. The facts alone that Bess acted as agent in contacting the driver, conducted an auto delivery business, received a fee for its services, and prepared the bailment agreement, do not bring the auto under an agreement for hire between the owner and Bess. See Faribault Canning Co. v. Northwestern Nat'l Cas. Co., 298 F.2d 58 (7th Cir. 1961). Fertick had only temporary possession for a limited purpose.

■ The second contention was that the car was covered under the "driverless cars" provision of Continental's pol-

icy, which covered a "rentee" defined as a "person * * * granted right of temporary possession and control of an automobile under a written contract made directly with the named insured." No authority has been found construing this type of provision. Thus, in accord with the general principles of policy construction, words not defined in the policy are to be given "their popular and ordinary meaning." Truck Ins. Exchange v. Rohde, 49 Wash.2d 465, 303 P.2d 659, 55 A.L.R.2d 1288 (1956). It is clear that no agreement was made directly with Bess. Temporary possession was granted to Fertick, but under an agreement made between Fertick and Beucher, neither Bess nor Fertick were rentees.

There was no genuine issue over the controlling facts of this case.

The District Court was correct in granting summary judgment.

Affirmed.