**In the Matter of Ashok Vasudeo MARATHE, Debtor.**

**Susan A. APTE, Plaintiff,**

**v.**

**Ashok Vasudeo MARATHE, Defendant.**

**Bankruptcy No. 95–11–HSB.
Adversary No. A–95–37.**

United States Bankruptcy Court,
D. Delaware.

July 23, 1997.

Karen F. Bifferato, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Debtor.

HELEN S. BALICK, Chief Judge.

This is the court's decision on a motion for summary judgment. Susan Apte, the former spouse of Ashok V. Marathe, seeks a determination that certain marital debts are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (5). This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

I. *Legal Standard*

On a motion for summary judgment, the court will view the record and the inferences therefrom in the light most favorable to the non-moving party. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987). If that record shows no genuine issues as to any material fact, and that the moving party is entitled to judgment as a matter of law, then summary judgment shall be granted in favor of the movant. Fed.R.Bankr.P. 7056(c). *American Automobile Ins. Co. v. Indemnity Ins. Co.*, 108 F.Supp. 221, 224 (E.D.Pa.1952), *aff'd*, 228 F.2d 622 (3d Cir.1956) (per curiam).

II. *Facts*

In divorce proceedings the Court of Common Pleas, Domestic Relations Court in Cuyahoga County, Ohio, granted Apte spousal support and a distributive award.

The Ohio Court in its findings of fact and conclusions of law found that Marathe admitted he had repeatedly forged his wife's name on various credit card applications, that he funded his investment activities with Apte's earnings without her knowledge and that on one occasion he lost $39,000.00 over a period of a few days. The Court further found that his use of Apte's income to engage in stock option trading resulted in a loss in excess of $172,000.00 during the marriage. For these reasons, the Ohio Court stated that "a distributive award is appropriate to compensate plaintiff in the amount of $25,000.00", and also held him fully liable for debts occurring from his forgery and financial misconduct. Finally, the court found that there was an arrearage of temporary spousal support owing in the amount of $15,600.00.

The Court's final judgment entered as part of the divorce decree dated August 5, 1994, provided in part:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant pay and hold the Plaintiff harmless on the following marital debts: First Card Visa, Bank One Visa, Society National Bank Visa, Citibank Ready Credit Visa and BankoAmericard Visa: and that the Defendant shall further pay and hold the Plaintiff harmless as to any other debts or obligations incurred by the Defendant's misrepresentation and/or forgery of the Plaintiff's signature as an applicant, co-applicant, or liable party.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant pay to the Plaintiff as and for a distributive award the sum of $25,000.00 for which judgment is rendered and execution may issue.

\* \* \*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there is a $15,600.00 arrearage due on the prior orders of this Court for which judgment is rendered and execution may issue against the Defendant.

Marathe appealed this order. However, the appeal was dismissed for his failure to file the record.

# 58

## III. *Discussion*

Apte argues that Marathe is collaterally estopped from litigating the issue of fraud and his obligation to pay spousal support. The doctrine of collateral estoppel applies when: (1) The issue sought to be precluded is the same as that in the prior action; (2) that issue must have been actually litigated; (3) It must have been determined by a valid and final judgment; and (4) the determination of the issue must have been essential to the prior judgment. *Haize v. Hanover Insurance Co.*, 536 F.2d 576, 579 (3d Cir.1976). The doctrine of collateral estoppel applies. There are no genuine issues as to any material fact.

Marathe does not deny that his obligation to pay spousal support is nondischargeable under 11 U.S.C. § 523(a)(5). He contends that the distributive award and his obligation to hold Apte harmless from credit card debt are dischargeable.

■ First, Apte contends that the $25,-000.00 distributive award is nondischargeable under 11 U.S.C. § 523(a)(2), which reads in part:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt for money, property, services, . . . to the extent obtained by (A) false pretenses, a false representation, or actual fraud, . . . .

Ohio Statute R.C. 3105.171 defines a distributive award as "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, and that are not made from marital property and do not constitute payments of spousal support . . . ." R.C. 3105.171(A)(1). This statute also governs the authority of a trial court to make a distributive award. R.C. 3105.171(E) provides in part:

\* \* \*

(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.

The basis for the distributive award was Marathe's false representations causing dissipation and fraudulent disposition of Apte's assets. Thus, the distributive award is nondischargeable under 11 U.S.C. § 523(a)(2).

Second, Apte argues that the order of the trial court holding Marathe fully liable for certain credit card debts should be nondischargeable under § 523(a)(2) and payable to her because Marathe forged her signature on certain credit card applications and engaged in other financial misconduct. She alleges that these debts total approximately $20,-300.00.

■ Marathe contends that Apte was knowledgeable of all the credit cards, and denies all allegations of fraud. He also seeks to introduce new evidence. However, he is collaterally estopped from relitigating those issues. Marathe also asserts that because of his appeal, the judgment of the domestic relations court is not a valid and final judgment. This isn't so—the appeal was dismissed.

■ Marathe has two obligations arising out of these credit card debts. One obligation is to the individual banks as his creditors, and the other obligation is to hold Apte harmless for these debts. Although the banks may have had a cause of action under § 523(a)(2), Apte cannot meet the standards set forth in *Field v. Mans*, —— U.S. ——, ——, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995), as she is not the creditor of the credit card debt. The obligation to hold Apte harmless is dischargeable.

An order in accordance with this decision is attached.

## *ORDER*

AND NOW, July 23, 1997, IT IS ORDERED THAT:

1. The Plaintiff's motion for summary judgment that the spousal support award for $15,600.00 be held nondischargeable under § 523(a)(5) is **GRANTED.**

2. The Plaintiff's motion for summary judgment that the distributive award for $25,000.00 be held nondischargeable under § 523(a)(2) is **GRANTED.**

3. The Plaintiff's motion for summary judgment that certain marital debts should be held nondischargeable and payable to her pursuant to § 523(a)(2) is **DENIED**, and summary judgment is **GRANTED** in favor of the Defendant.